Eastern Dist.
June, 1836.

TERRY
vs.
TERRY ET AL.

deaths, in a new colony, as is observed and required in the mother country.
The destruction by fire of the places of deposit of records and documents, dispenses with the production of the originals, which may be fairly supposed to have been destroyed.
Legitimacy will be presumed, when a century has elapsed, without its being doubted or controverted.

---

## TERRY vs. TERRY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A sequestration of the funds of the defendant in the marshal's hands, does not have the effect of an attachment to bring the party into court by his property. If the defendant is absent in such case, and there is no *curator ad litem* or *ad hoc* appointed to represent him, but only service of citation on the attorney appointed to defend the suit, it will be dismissed as to him.

Where the plaintiff was prevented by the excess of his claim, from going before a court of limited jurisdiction, to contest and litigate his rank and privilege with another creditor, who was seeking a judgment with a

privilege against the common debtor in said court: *Held*, that he can
compel his adversary to come into a higher court to litigate their claims.

EASTERN DIST.
June, 1836.

TERRY .
vs.
TERRY ET AL.

The vendor of a vessel or other moveable property not paid for, is entitled
to a privilege on its proceeds, when sold by a forced sale, in a suit against
his vendee for the *price*, even when he has taken a note and allowed a
credit; but his privilege is of inferior rank to that of a creditor who has
furnished supplies to the vessel.

This is an action in which the plaintiff seeks to recover
the sum of five hundred dollars, as a privileged claim on the
proceeds of the sale of a barge, in the hands of the city
marshal of New-Orleans.

The plaintiff alleges, he is the holder of two promissory
notes, one for one hundred dollars and the other for four
hundred dollars, executed by J. C. Terry, for the purchase
of the barge Volunteer; that said barge has been attached
and seized by various creditors of said J. C. Terry, and sold
by the city marshal of New-Orleans for the sum of eight
hundred dollars, on a credit of ninety days.

The plaintiff further shows, that he is a privileged creditor
on the proceeds of said barge, yet in the hands of the city
marshal for the amount of said notes, which he prays may
be sequestered and held subject to such judgment as shall
be rendered in the case;. and he prays judgment for the
amount of his claim.

An attorney was appointed to defend the interest of the
defendant, who, it was suggested, had departed from the
state.

In an amended petition, the plaintiff alleges, that one
William Bowman, was prosecuting a claim of about two
hundred and ninety dollars against the proceeds of said
barge, in the City Court of New-Orleans, which claim, he
alleges, is not a privileged or valid one; but that his
(plaintiff's) claim is too large to be litigated in the City
Court: wherefore, he prays that Bowman and the city
marshal be cited and made parties to this suit, and that he
have judgment against them for the amount of any moneys
Bowman may have received, and for so much in the hands
of the marshal as will satisfy his claim.

Bowman appeared and excepted to the supplemental petition, as making new parties, and setting forth new and totally distinct causes of action from that in the original petition; that it prays for the annulling such judgment as Bowman may and has obtained in the City Court, which this court is incompetent to pronounce : and further, that the right of preference claimed by the plaintiff on the proceeds of the barge is *res judicata,* having been passed upon by the City Court of competent jurisdiction.

The attorney for the absent defendant pleaded a general denial, and required strict proof.

While this suit was pending, to wit, on the 19th June, 1835, Bowman obtained his judgment in the City Court for two hundred and ninety-six dollars, with a privilege on the proceeds of the barge. Several other persons had also obtained judgments against the barge, for seamen's wages, &c., amounting in all to five hundred and thirty-five dollars and ninety-one cents, under which she was seized and sold in the first instance.

The district judge delivered his judgment, overruling the exceptions, as follows :

"It is obvious these exceptions do not raise the real difficulty of the case ; for as to the first exception, the suit was originally against Jeremiah Terry, and such an exception could not therefore be raised by Bowman. If any thing, it might be said the original petition was defective, in not having in the outset made Bowman (a real party in interest) party to the suit, if J. O. Terry had a knowledge of the institution of Bowman's suit, when he filed his petition; nor is there any change in the nature of the claim. The second exception is without point, as it objects only to the nature of the relief prayed for. It is not to be supposed that the District Court will give any relief, or make a decree it is incompetent to make. The judgment, Bowman *vs.* Jeremiah Terry, may well stand, and yet J. O. Terry be entitled to the proceeds of the Volunteer ; for although Bowman may have a right to them, as against Jeremiah Terry, he may

not have a right to them as against J. O. Terry, and that question was certainly not litigated when the judgment, Bowman vs. Jeremiah Terry, was rendered in the City Court. As to the third exception, it touches upon the real question in a collateral manner, viz : whether J. O. Terry was bound to litigate his claim for five hundred dollars, in the City Court. If Bowman had obtained his judgment, and received its amount before J. O. Terry had instituted any proceedings, the case would have been embarrassed with new difficulties ; but we are spared the necessity of investigating that question, by a reference to the dates of the proceedings. Bowman was served with the petition and citation out of the District Court, on the 1st July, 1835, and he did not take his last rule on J. O. Terry and the marshal, to show cause why he should not be paid his judgment out of the proceeds of the barge, until 20th August, 1835.

" I cannot suppose that J. O. Terry was bound on the rule taken on him, to go into the City Court and litigate his claim of five hundred dollars. Bowman was aware of the extent of J. O. Terry's claim, and I must suppose, knew, when the rule was taken and decided, the existence of the suit, as the judgment of the City Court refers to that proceeding. I am disposed to give full effect to all the articles cited by the presiding judge of the City Court; but the question presents itself to my mind under these points of view :

" 1. The City Court is a court of limited jurisdiction. No claim for any debt, &c., beyond three hundred dollars, can be litigated there.

" 2. The constitution gives a right of appeal for sums exceeding three hundred dollars, to the Supreme Court, and no provision is made for an appeal from the City Court to the Supreme Court.

" 3. The Code, in various articles, provides that the distribution of the proceeds of property seized and sold on execution, should be made by the court out of which the execution issues; but if there be a conflict between these articles of the Code and the more general laws, and other

articles of the Code and of the constitution relative to juris-
diction, &c., the minor articles or regulations of the Code
must be so construed, limited or modified, as not to impair a
more general law or right, more especially if it be a constitu-
tional one.   They are subordinate provisions of the law, and
more especially the whole must be so construed, as that
there be not a failure of justice.

  " I cannot suppose that it was intended by the laws, that
a mortgage or privilege creditor for a sum of three hundred
dollars, is to stand by and quietly permit his pledge to be sold,
and the proceeds distributed among smaller creditors, or paid
over to the debtor to be dissipated, because the law allows
creditors for sums under three hundred dollars to sue in
Parish Courts in the country, or in courts of limited jurisdic-
tion in the city, while the same laws incapacitate and pro-
hibit those courts from entertaining jurisdiction of his claim
or debt for a larger amount, while on the other hand there
will be no failure of justice if the litigation be brought into
the higher court.

  " The case is likely frequently to occur as to the privileged
claims, and I see no way of preventing a failure of justice,
but by drawing the litigation into a jurisdiction co-extensive
with the right claimed, otherwise the creditor must lose his
right of property, or of appeal, or both.   I consider it to be on
reasons of this kind, that the case of Lawes vs. Chinn,
4 Martin, N. S., 390, was decided, and the court put the
decision on the necessity of the case.   The case of Vail
against U. S. marshal, Nicholson, covered the whole ground.
The case of Oger against Daunoy, 7 Martin, N. S., 656,
appears much in point for the defendant, Bowman ; for the
court there decided, that Oger, who alleged that his property
was seized on an execution against Harland, could not
enjoin the sale, or recover the property itself from Daunoy,
the marshal, in the District Court, because of article 395 et
seq., of Code of Practice, but that he might recover its value
from Daunoy in that court.   My understanding is too prac-
tical to understand the value of distinctions, where there are
no differences.   In the dilemma raised by contradictory

provisions of law, it appears to me, that in substance there were but two solutions of the difficulty : either to say, that Oger might claim his goods or their value, without regard to the limitation of the jurisdiction of the City Court, when they were under seizure by execution out of that court; or to say, that when the property claimed was of the value of an amount beyond the jurisdiction of the City Court, the third person, whose property was seized, might come into the District Court, to claim out of the funds of the marshal, and that the Code of Practice, 395, *et seq.*, *ex necessitati rei* did not apply in such a case.

"In the present case it may be said, upon principles analagous to the reasoning used in Oger against Daunoy, that the sequestration will not hold, but that if Bowman receives money, with the notice that another person claims a better right to it, he might, when that right is established, *ex equo et bono*, to be made to refund it ; but this is to get around the difficulty, not to meet it. It is to observe the law to the letter, but break it to the spirit. Nor does it do complete justice, and it does not meet all the cases which will arise. If the maxim, '*est boni judicis ampliare jurisdictionem*,' be meant to convey the opinion, that courts should grasp at power, I disclaim it as practice or as principle. If it be meant to convey the opinion, that courts ought to prevent a failure of justice, it is a sacred principle; and Civil Code, article 21, which directs that in civil matters where there is no express law, the judge is bound to proceed and decide according to equity, applies as fully in a case where there is a conflict of laws, or of provisions of the law, as in a case where express law is wanting. Equity calls for remedies adapted to its rights, for rights are of no practical benefit, without remedies to enforce them. These being my views, I am of opinion, that after it was made known to the City Court, that a creditor to an amount beyond its jurisdiction, had on that account applied to the District Court, to establish his rights upon the property seized and sold under process from the City Court, nothing further should have been done in that court, and that if plaintiff makes out his claim of

higher privilege, &c., Bowman cannot be allowed to benefit by proceeding in the City Court, after the institution of the suit in the District Court. Authorities might be adduced, of cases decided on analagous principles, in the relation of courts of law and equity in England."

The defendant, Bowman, answered to the merits and pleaded a general denial, and averred that the plaintiff's claim was fraudulent and collusive : that if the District Court decree a distribution of the proceeds of the barge, it must be done contradictorily with all the persons and parties interested, but which the plaintiff has failed to bring before the court.

The cause was submitted to the court on these pleadings, and the evidence of the respective claimants. The district judge dismissed the suit as to the defendant, J. C. Terry, because he was not legally brought into court, and dissolved the sequestration, with judgment in favor of Bowman and the city marshal, on the following grounds :

" It was considered that the plaintiff, J. O. Terry, proved his claim against J. C. Terry, the defendant; but has he a privilege resulting from it ?

" I have heretofore been compelled to adopt a rule in relation to privileges on vessels and steam-boats, which navigate within the waters of the state, or to distances which do not come within the meaning of the word voyage. The rule adopted is in accordance with Louisiana Code, article 3212, that is to consider the lapse of sixty days, from the time the debt is incurred, as a voyage, and exclude from privilege, debts of anterior standing. Either this, or there is no privilege on vessels which do not make voyages within the meaning of the term. The plaintiff's claim is predicated on two notes, given for part of the price of the vessel.

" The plaintiff's counsel relies on the Louisiana Code, article 3194, which gives the general privilege on moveables, notwithstanding a credit and a note is given.

" This reliance, it appears to me, must fail him.

" The privilege on vessels is given under restrictions, and in relation to a subject-matter, which prevent the application of this salvo.

" The privileges are restricted to the *last* voyage, to wages, supplies, repairs, &c. &c., previous to the departure of the ship, if she has already made a voyage. *Louisiana Code,* 3212. A voyage is a departure from one port, and arrival at another, or being out sixty days.

" It is wholly inconsistent with these provisions of law, that the creditor can retain his privilege, if he gives a credit of three months, or six months.

" This subsistence of the privilege, notwithstanding credit and note given, would not apply to privileges of inn-keepers on effects of a traveller. If the traveller removes his effects, (unless perhaps by fraud or stealth,) the privilege is gone.

" The clause sustaining the privilege, notwithstanding credit and note, is not repealed in the special section giving privilege on ships and merchandise, under the restrictions there stated, and is obviously inconsistent with them, and would introduce inextricable confusion into a subject sufficiently complicated. Ships and vessels are subject to a succession of privileges from their nature, and the uses to which they are put.

" If a seaman, &c., takes a note for his wages, at six months, his privilege is gone, and so of the others.

" If this reasoning be correct, the conclusion follows, that plaintiff is not entitled to any privilege ; with it the sequestration falls, and with the sequestration the jurisdiction of the court, the defendant being an absentee."

*Hennen,* for the plaintiff, submitted the following points and authorities :

1. The plaintiff as vendor of the barge Volunteer, has a privilege thereon, while in the hands of the vendee, though sold on a credit and a note taken for the price. *Louisiana Code,* 3194.

2. The barge Volunteer never having made a voyage in the sense of the *Louisiana Code, article* 3212 ; because she

only navigated lake Pontchartrain, and never went to sea, the plaintiff cannot be said to be without privilege, in consequence of more than sixty days having elapsed from the time he gave credit for the purchase money.

3. At all events, the creditors on this barge should be paid *pro rata.* *Louisiana Code,* 3205.

4. The general privilege of the vendor cannot be destroyed by any legislative construction of the article 3205 of the Louisiana Code; such as that made by the judge of the District Court.

5. The vendor's privilege on the vessel has always been recognized. 1 *Valin,* 367–8, *liv.* 1, *tit.* 14, *art.* 17.

*Buchanan,* for the defendant, Bowman.

1. The exceptions filed by William Bowman were improperly overruled: they are valid in law, and should be maintained.

2. That the District Court is without jurisdiction of the distribution of funds in the hands of the city marshal in virtue of judgments, executions or seizures from the City Courts; and cannot obstruct or detain said funds from the seizing or judgment creditors in the City Court, by writs of injunction, sequestration or the like.

3. That judgment creditors, with privilege decreed and a seizure levied, in the City Court, upon the proceeds of a vessel in the city marshal's hands, cannot be compelled to litigate their claims over again in the District Court, contradictorily with creditors who have sued out sequestrations in the District Court, of such proceeds in the marshal's hands.

4. That the plaintiff has no privilege as claimed for the note of one hundred dollars, annexed to his petition, said note having been endorsed to him by the payee and vendor without subrogation.

5. That, as regards the second note, of four hundred dollars, annexed to the petition, the plaintiff and appellant, so far from having a right to a preference over the appellee, Bowman, upon the proceeds of the barge Volunteer, is, on the contrary, liable to him and the other creditors, as part

owner of the boat; the said note being dated November 17, <span style="float:right">EASTERN DIST.</span>
while many items of Bowman's bill are of prior date. <span style="float:right">June, 1836.</span>

6. That the appellant has lost his privilege of vendor, if
ever he had any, the barge Volunteer having made many
voyages since the sale.

<div style="text-align:right">TERRY<br>vs.<br>TERRY ET AL.</div>

7. The judgment in favor of the defendant has not been
appealed from. This appeal, being against parties whose
liability is only consequential upon that of defendant, must,
therefore, fall.

*Mathews, J.,* delivered the opinion of the court.

In this case, the plaintiff claims a privilege as vendor of a
boat which was used on the lake Pontchartrain, in trade
between New-Orleans and various places situated on the
other side of the lake. The judgment of the court below
was against his claim, from which he appealed.

It apears that the price of the boat was the subject matter
of dispute, the thing itself having been sold by the marshal
of the City Court, to satisfy several judgments which had
been obtained by persons who navigated the vessel. Whilst
the price was still in the hands of that officer, a person
named Bowman applied to that court for an order of seques-
tration of it, and claimed the sum of two hundred and ninety-
six dollars and thirteen cents, as a privileged creditor, for
supplies of provisions and other articles furnished to the boat,
and sums to which he had acquired a right by purchase from
other privileged creditors. He obtained the provisional order
of sequestration, &c. While matters were in this situation,
the plaintiff made the claim as above stated, amounting to
five hundred dollars, a sum above the jurisdiction of the City
Court; and made parties to this suit, or attempted to make
them, his vendee and Bowman, who had obtained the order
of sequestration in the court of limited jurisdiction. No
service of citation was made on the vendee, who is stated to
have been absent from the state, nor was a curator *ad litem*
or *ad hoc* regularly appointed for him. The court below
dismissed the suit as to this party, and we think properly.
The order of sequestration which the plaintiff had obtained

<div style="font-size:smaller">A sequestra-<br>tion of the funds<br>of the defendant<br>in the marshal's<br>hands, does not<br>have the effect of<br>an attachment to<br>bring the party<br>into court by his<br>property. If the<br>defendant is ab-<br>sent in such case,<br>and there is no</div>

EASTERN DIST.
*June*, 1836.

TERRY
*vs.*
TERRY ET AL.

*curator ad litem or ad hoc appointed to represent him, but only service of citation on the attorney appointed to defend the suit, it will be dismissed as to him.*

Where the plaintiff was prevented by the excess of his claim, from going before a court of limited jurisdiction, to contest and litigate his rank and privilege with another creditor, who was seeking a judgment with a privilege against the common debtor, in said court: *Held*, that he can compel his adversary to come into a higher court, to litigate their claims.

in the District Court being a mere cautionary measure, could not have the effect of an attachment, so as to bring the cause before the court, as between this defendant and the plaintiff, in such manner as to give jurisdiction; nor could the service of citation made on the attorney at law, appointed to defend him, have this effect. The case then rested on the different claims of privilege set up by the remaining parties. A plea to the jurisdiction of the District Court was filed on the part of the defendant, based on several grounds, one of which was that their proceeding interfered illegally with the separate and exclusive judicial functions of the City Court.

The judge *a quo*, in his opinion by which he retained cognizance of the case, investigated thoroughly these grounds, and we are of opinion arrived at a correct conclusion. The plaintiff could not go into the court of limited jurisdiction, and it would have amounted, to a denial of justice, if he were not permitted to bring his adversary into the higher court, to litigate on the subject of their privileges, notwithstanding the judgment rendered in this matter in the inferior tribunal. The judgment by which the defendant was condemned to pay a certain sum, would remain untouched, whilst its accessory, the privilege allowed, remained a proper subject of litigation before the District Court; otherwise, our jurisprudence would present the absurdity of a wrong without remedy, or a denial of justice in a matter clearly cognizable before our courts of judicature. The reasoning and conclusions of the court below, have relieved us from the trouble of examining the difficult and too often perplexed question relating to a conflict of jurisdictions, as we are satisfied with both. But the question of privileges, perhaps not less vexatious and difficult of solution, in spite of the attempt of the compilers of our Code to render this subject plain and simple, must be solved. There are so many privileges allowed on the property of debtors, and they are so various in their origin and their classifications so multifarious, that it is often difficult to settle their rank. The counsel for the plaintiff in the present case

seems to rely principally on the articles of the Louisiana Code which treat of privileges on ships and merchandise. The interpretation of these articles as made by the inferior court, denies to his client any privilege ; and the record does not furnish facts by which the conclusion of that court on this head is shown to be erroneous. The boat about which the present dispute is maintained, is moveable property, and if the plaintiff has any privilege on its price, it must result from the provisions of the Code, wherein the privilege of the vendor of such property is established and defined.

We are of opinion, that the plaintiff in the present instance is entitled to the privilege of a vendor, as secured by the article 3194 of the Louisiana Code ; but that it is inferior in rank to that claimed by the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court in relation to this part. of the cause, be avoided, reversed . and annulled ; and it is further ordered, adjudged and decreed, that the marshal of the City Court pay over to the plaintiff and appellant the amount that remains in his hands of the price of ·the boat in question, after payment of law charges and paying and satisfying the claim of the defendant : the costs of this suit in both courts to be first paid out of the funds in the hands of the marshal. This judgment not to prejudice the claims of the judgment creditors, under whose judgments the boat was seized and sold. They must be allowed to claim from the marshal the several sums due to them according to the rank of their privileges, compared with those of the vendor and Bowman, and other creditors.

EASTERN DIST.
June, 1836.

TERRY
vs.
TERRY ET AL.

The vendor of a vessel or other moveable property not paid for, is entitled to a privilege on its proceeds, when sold by a forced sale, in a suit against his vendee for the price, even when he has taken a note and allowed a credit; but his privilege is of inferior rank to that of a creditor who has furnished supplies to the vessel.