### John McDonogh v. James Doyle and another.

Where the value of the property seized under a *fi. fa.* from a Parish Court, is beyond the jurisdiction of the court from which the writ was issued, an injunction may be obtained, by one claiming to be its owner, from a District Court. The circumstances of the case make it a necessary exception to the rules laid down in arts. 395, 397, 617, 629 of the Code of Practice.

APPEAL from the District Court of the First District, *Buchanan, J.*

*Grivot*, for the appellant, contended that the Parish Court of Jefferson is limited in its jurisdiction to personal actions, when the amount in dispute does not exceed a thousand dollars. Act of 1813, B. & C.'s Dig. 209. Act of 1835, B. & C.'s Dig. 211. That the amount in dispute greatly exceeded that sum; and that the case was a necessary exception to the rules of the Code of Practice; Citing *Terry* v. *Terry et al.*, 10 La. 68.

*Wray*, for the defendants. The District Court is without jurisdiction. Code of Practice, arts. 395, 396, 397, 617.' *Oger* v. *Daunoy*, 7 Mart. N. S. 656.

MORPHY, J. The petitioner sued out an injunction to prevent the sale of a frame building, erected on a square of ground belonging to him. He alleges that the defendants have seized and advertised the property for sale, under a *fi. fa.* issued from the Parish Court of the parish of Jefferson, to satisfy a judgment alleged to have been obtained by James Doyle, in that court, against one Edward Gathiel. He avers that he, being the owner of the square of ground, upon which the frame building is constructed, the same is his property, and that the defendants have acted illegally in seizing and offering it for sale, to satisfy any judgment or debt due by Gathiel. That the value of the building seized, and the question involved in the controversy, are beyond the jurisdiction of the Parish Court of the parish of Jefferson, which facts render it necessary for him to apply to the District Court for protection. The petitioner concludes, by praying that the property seized may be declared to be his, and that the defendants be decreed to pay him $350 damages, &c. A motion to dissolve the injunction was made, on the ground that the District Court was without jurisdiction to enjoin an execution issued on a judgment rendered by the Parish Court of the parish of Jefferson, and that the plaintiff should have sought relief in the latter court, which had granted such execution. This motion having prevailed, the plaintiff appealed.

The counsel of the appellees has referred us to certain articles of the Code of Practice, which provide, in substance, that the execution of judgments belongs to the courts which rendered them, and that an opposition, or claim, by which a third person asserts to be the owner of property seized, must be brought be-

fore the court which gave the judgment, or issued the order of seizure. Arts. 395, 397, 617, 629. From these provisions of law, it is contended that the petitioner should have sought relief in the Parish Court of the parish of Jefferson, whose jurisdiction is exclusive in a case like the present. This is no doubt true in ordinary cases; but from the allegations of the petition, which, on a motion to dissolve, must be taken as true, it appears that the value of the property seized is beyond the jurisdiction of that court, which is limited to one thousand dollars. A strict adherence to the articles of the Code of Practice would produce a failure of justice, and leave a party without any remedy at all, whenever the value of the property seized, exceeds the jurisdiction of the court rendering the judgment, or issuing the execution under which the seizure takes place. The claimant must be permitted either to go into the court of limited jurisdiction, or to bring his adversary into one of general jurisdiction, there to litigate his rights with him. The latter course should, in our opinion, be pursued, and forms, *ex necessitate rei*, an exception to the rule of practice laid down by the articles relied on. As this court said, in *Hagan* v. *Hart:* "the reasons for introducing an exception, in this instance, are as strong, if not stronger, than those presented in *Lawes et al.* v. *Chinn* (4 Mart. N. S. 390), which induced this court to make an exception, 'to prevent an immediate injury which could not be otherwise warded off,' the property being seized in a parish distant from that in which the judgment had been rendered." An exception to the same rule was also made, on similar grounds, in *Terry* v. *Terry et al.*, 10 La., 68.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed; the motion to set aside the injunction overruled; and the case remanded for further proceedings; the appellee paying the costs of this appeal.