## SUCCESSION OF PREVOST.

After the lapse of a century, a marriage, which had never been doubted or denied, must be held to have been duly solemnized.

A marriage, celebrated in Louisiana before the year 1787, maybe proved by reputation. *Per Cur:* Under the laws of Spain, in force at that time, proof of marriage by reputation, was sufficient, in civil suits.

Decision in *Patton* v. *Philadelphia*, 1 An. 98, affirmed, so far as it declares that the regulations of the council of Trent, in regard to marriages, were never extended to the colony of Louisiana by the king of Spain.

The certificate of a priest, attesting the celebration of a marriage in the Spanish colony of Louisiana, before the year 1788, though not signed by the parties nor by witnesses, is proof of a legal marriage.

Where the marriage of the parents has been proved, parol evidence is sufficient to establish the legitimacy of their children.

No objection to evidence will be considered on appeal, unless specified, and reserved, in a bill of exceptions. No notice will be taken of any agreement, alleged by the counsel of one party to have been made with the other party, that the evidence was received subject to all legal exceptions.

APPEAL from the District Court of St. Bernard, *Rousseau*, J. *Griffon* and *Simon*, for the petitioners. *Buisson* and *Maurian*, for the appellants. The judgment of the court was pronounced by

ROST, J. *Rosalie Verret* and others sue to be recognized as collateral heirs of *Edward Prevost*, who died leaving neither descendants nor ascendants. They allege their legitimate descent from *Nicolas Verret* and *Marie Cantrelle*, his wife, who were the common grand-father and grand-mother of themselves and the deceased. The children of the late *Mrs. Hanoteau*, a first cousin of the deceased, oppose the plaintiffs' claims, and allege themselves to be his only legitimate heirs. They contend that the evidence furnished by the plaintiffs in support of their pretensions, is either null, or insufficient to establish their quality of heirs. The court below considered the evidence of the plaintiffs sufficient, and ordered that they be put in possession, in equal shares, of nineteen-twentieths of the succession,, reserving the other one-twentieth to the children of *Mrs. Hanoteau*, in right of their mother. The opponents have appealed.

In the evidence adduced by the plaintiffs to prove their heirship, there are two acts of marriage wanting : that of *Nicolas Verret* and *Marie Cantrelle*, the common grand father and grand mother of the appellees and of the deceased, and that of *Louis Verret* and *Marie Patin*, the father and mother of four of the appellees. There are also two acts of baptism wanting : that of *Adolphe Verret* and that of *Martial Verret*, two of the appellees, sons of *Jacques Verret* by his second marriage.

The marriage of *Nicolas Verret* and *Marie Cantrelle* must have taken place before the year 1749, as their first child *Marie* was baptized on the 16th Sept. of that year. It is proved that the records of the marriages celebrated in New Orleans from the year 1720 to 1772 were regularly kept, and that those records were lost in the conflagration of the 21st March, 1788, which destroyed this city.

*Verret* resided in the city of New Orleans, and all his children were baptized there, as his legitimate issue from *Marie Cantrelle*. We would presume from these facts, if it were necessary, that the marriage was also celebrated there. But, after the lapse of a century, without the legality of this marriage having ever been doubted, controverted, or denied, it must be held to have been duly solemnized. *Clapier et al.* v. *Banks*, 10 La. 68.

The marriage of *Louis Verret* and *Marie Patin* is proved by reputation. It is shown that the act of marriage cannot be found in the parish of Pointe Coupeé, where the marriage is said to have been celebrated. But the certificates of baptism of his four children, in which they are recognized as legitimate, are produced. These children are acknowledged by the other appellees as their coheirs, and witnesses testify to their *status* as legitimate children, and that they inherited, as such, the succession of their father.

This is not a case in which proof of the due solemnization of the marriage is necessary. The marriage must have taken place before 1787, *Godfrey Verret* the first issue of it, having been baptized on the 18th of February of that year. Under the law of Spain, in force at that time, proof of marriage by reputation, was sufficient in civil suits. "Præsumptio se sola probat, tantum semiplene," says Ferraris, in his Bibliotheca Canonica, Juridica, &c. vol. 7, *verbo* Prœsumptio, no. 17 ; but he adds : " Si autem prœsumptio probabilis adjuvetur publica fama, vel aliis adminiculis, potest etiam facere plenam probationem ; colligitur clare ex cap. illud 11 de Prœsumptionibus, (the writer, I suppose, refers to Menochius,) juncto ejus summario, ubi dicitur, quod per cohabita-

tionem diutinam et famam de matrimonio, aliaque adminicula, probatur matri- <span>SUCCESSION OF PREVOST.</span>
monium; et ex cap. tertio loc. 13 eodem, juncta glossa a DD. Ibidem." Same
author, no. 18.

Prœsumptio vehemens, sen violenta, facit plenam probationem, adeo ut ad con-
demnationem sufficiat saltem in causis civilibus, non nimium arduis." Ib. no. 19.

Ex solis prœsumptionibus etiam vehementibus nemo in causâ criminali crimi-
naliter mota condemnandus est, nisi tamen sint indubitata, luce chariora, seu
talia quæ evidentiam rei inducant. Ib. no. 20.

The evidence adduced is sufficient for the purposes of this suit.

It is urged by the opponents that, during the dominion of Spain, marriages were
regulated by the council of Trent, which required them to be celebrated by the,
parrochus of the parties, or a priest delegated by him, in presence of two wit-
nesses, under the pain of nullity; and that as the certificates of the priest,
adduced as evidence of the marriage of Jacques Verret with Marguerite Shcweit-
zer, and of Augustin Verret with Marie Bujeaud, are signed neither by the
parties nor by witnesses, they are not proof of a legal marriage.

In the case of Patton v. The cities of Philadelphia and New Orleans, 1 An. p.
104, this question was thoroughly examined; and we came to the conclusion that
the regulations of the council of Trent, in relation to marriages, were never,
extended to the colony of Louisiana. We adhere to this opinion, and are satis-
fied that the solemnization of those two marriages was sufficient, under the
regulations of the church, as they existed before the council of Trent.

The affidavits of Adolphe and Martial Verret, introduced without opposition,
and the testimony of their godfather and godmother, prove their legitimate filia-
tion from Jacques Verret, and also that of their brothers and sisters. This evidence,
is corroborated by the testimony of Aurléicn Verret, who stated that he knows,
all the petitioners, either personally or by reputation; that the genealogical tab-
leau filed in this case is correct; and that all the children of Nicolas Verret and
Marie Cantrelle had died before the institution of this suit; that he knows per-
sonally all the children of Louis Verret; that it is to his knowledge that they.
inherited their father's estate; that they were alway reputed legitimate; and
that, if they were not, he would certainly know it.

Considering as proved the marriages of the fathers and mothers of the plaintiffs,
the evidence adduced by them sufficiently proves their legitimate filiation. Hob-
dy v. Jones, 2 An. 944.

In coming to this conclusion we have taken no notice of the agreement alleged
by the opponents to exist between them and the plaintiffs, that the documents,
and affidavits offered in evidence were received subject to all legal exceptions.
Under the uniform jurisprudence of this court, no objections to evidence can be
considered on appeal, unless they are specified and reserved by a bill of exceptions.

Judgment affirmed.