No. 12,938.

D. E. BROWN, JR. VS. GEORGE WASHINGTON; JACOBS & CO. THIRD OPPO-
NENTS. *In re* D. E. Brown, Jr., applying for *certiorari* or writ of
review to the Court of Appeal, First Circuit, State of Louisi-
ana; and for a writ of prohibition to the Honorable J. T. Wat-
kins, Judge of the District Court for the Parish of Bienville,
and to the opponents in the same case.

## SYLLABUS.

The claim of the third opponent was not liquidated, and he was prevented by
its amount from going before a justice of the peace court to assert the claim
and the privilege by which it was secured against another creditor, who
was having judgment rendered in his favor by a justice of the peace court,
executed to satisfy the privilege recognized by the judgment on the prop-
erty to which oppenent also claimed a privilege.

HELD: That the third opponent can compel his adversary to come into the
District Court to litigate his right to a privilege.

*B. A. Rennolds* for Relator.

Respondent Judges for themselves.

Submitted on briefs November 21, 1898.
Opinion handed down January 23, 1899.
Rehearing refused February 20, 1899.

WATKINS, J., dissenting, handed down a separate opinion.

The opinion of the court was delivered by

BREAUX, J. Relator Brown, under his judgment, caused to be
seized in the justice of the peace court the products of the defendant's,
(Washington) farm, of the year 1897, valued at more than one hun-
dred dollars.

The third opposition of J. B. Jacobs to the seizure was filed in the
District Court against Brown and Brice, constables, setting forth,
that Washington was indebted to them in the sum of one hundred and
fifty-four dollars for farming supplies furnished to him in 1897, and

that the farm products seized were subject to the privilege accorded to the furnisher of supplies.

They prayed to have their privilege recognized, and to be paid, in preference, from the proceeds of the sale.

An order was issued to the constable to retain the funds subject to the further order of the court.

Plaintiff, Brown, relator here, filed a plea to the jurisdiction, alleging that Jacobs & Co.'s suit was for the distribution of funds, in possession of the constable, collected on an execution issued by the justice of the peace court, and for the recognition of a privilege.

That the District Court had no jurisdiction to pass upon the issue and direct the manner of distributing funds realized in that court.

The plea of the jurisdiction was sustained, and the third opposition dismissed for a want of jurisdiction *ratione materiae*. On appeal to the Court of Appeals, the judgment was reversed, and Brown's plea to the jurisdiction was overruled.

The case was remanded to the District Court to be there heard and decided.

The relator also alleges, that after the filing of the third opposition, about March, 1898, the third opponents, J. B. Jacobs & Co., had dissolved and transferred their assets to M. Jacobs, and that in consequence, the parties really in interest were not before the court, as M. Jacob, transferree, had not been made a party.

Returning to the first and serious question involved, the jurisdiction *vel non* of the District Court, we are confronted in the first place with the article of the C. P. 397, and a decision of this court in State *ex rel.* McLeod vs. Potts, Judge, 50 Ann. 109.

With reference to the first proposition that the opposition must be made before the court in which the seizure was made under C. P., 397, we can only say that, in an early case, this court held that from the necessity of things, one claiming a privilege to secure the payment of an amount could compel his adversary to come into a higher court to litigate his claim—"otherwise," said the court, "our jurisprudence would present the absurdity of a wrong without a remedy, or a denial of justice in a matter clearly cognizable before our courts." Terry vs. Terry, 10 La. 78; Amato *et als.* vs. Faniann & Cahn, 47 An. 973.

A similar question regarding jurisdiction arose in another case to which our attention is invited.

Shiff & Co. vs. Carprette & Quirk, 14 An. 813, in which the court affirmed the decision cited *supra*, and held that the creditor, in an amount exceeding the jurisdiction of the justice of the peace court, could protect himself by a suit in the District Court, compelling the creditor who had obtained a judgment and a recognition of a privilege in the justice court, and had had the property seized, to appear in the District Court to sustain his claim.   Hagan vs. Hart, 6 Rob. 427; State *ex rel* Osborn vs. Judge, 35 An. 539.

As to the privilege claimed, it is obvious that that court can have no jurisdiction in so far as it conflicts with a privilege recognized in another court for an amount exceeding its jurisdiction.

The District Court has jurisdiction to determine as to superiority of privilege and to distribute the fund.

In that court the creditor who had obtained a judgment before the justice of the peace court may have his privilege recognized.

Different it would be before a Justice of the Peace Court as relates to the creditor with an unliquidated claim in amount of more than one hundred dollars.

He would have to stand by and let the property seized be sold, without the possibility of obtaining before the justice of the peace court, a judgment recognizing his privilege on the property in the hands of the constable, under seizure.

This court has, sometime since, determined, in substance, that the article of the Code of Practice here cited, should not be so construed as to impair the constitutional right to a hearing on a claim before a court of competent jurisdiction.

We are satisfied that the decisions just cited have properly settled the question as between a creditor with an unliquidated claim, and one who has obtained a judgment before a justice of the peace court, and that the jurisprudence in this respect should continue unchanged.

The relator, with confidence, cites the case of McLeod vs. Potts, Judge, 50 Ann. 109.

The facts are not exactly similar to the facts of the case now before us for decision.

In the cited case, the third opponent filed his opposition after he had obtained a judgment for the amount of his claim, and his privilege for its amount had been recognized.

We said in that case, "as matter of fact, the debt and privilege of third opponent had been previously liquidated and established by a

final judgment in his court; and that in disregard of his rights the relator had caused same to be seized under a *fi. fa.* issued out in the magistrate court."

The right of a third opponent to go into justice of the peace court (on a judgment decreeing that there was a privilege) to assert the priority in rank of his privilege was declared to exist.

Here the claim had not been liquidated, and the justice of the peace court did not have the jurisdiction to pass upon its validity at all.

We are dealing exclusively with the case of a creditor whose claims were unliquidated, and not with questions involved between the creditors with judgments recognizing privileges.

That presents a question different from the question decided in McLeod vs. Judge.

It is not imperative to pass upon that question at this time.

It will be time enough to give it further consideration in a case involving similar facts.

The second ground urged by the relator is not before us for decision, as we do not find that the asserted facts are sustained by any evidence of record.

It is true that the relator alleged that the firm of Jacobs & Co. had dissolved and transferred their assets to M. Jacobs, and that no proper parties had been made to the Court of Appeals.

This is not admitted by respondent in the record, nor is there any evidence of record (of which it would be proper for us to take notice) showing a transfer.

For reasons assigned, it is ordered, adjudged and decreed, that the relator's demand be rejected; the restraining order be set aside at his cost.