## PHILLIP WERLEIN, Limited, v. PHILLIPS (BERGER, Intervener).

No. 1390.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1934.

R. F. Walker, of Baton Rouge, for appellant.

H. H. Kilbourne, of Clinton, for appellee.

MOUTON, Judge.

Plaintiff, Phillip Werlein, obtained a judgment against defendant, Leonard H. Phillips, in Tangipahoa parish in the Twenty-First district court.

A fi. fa. was issued by the clerk of that court, under which a Baby Grand piano was seized by the sheriff of the parish of East Feliciana. At the time of the seizure, the

piano was in the possession of Mrs. Augusta Berger, a resident of Clinton, that parish.

Alleging that she had been in possession of the piano for 114 weeks, Mrs. Berger, third opponent, intervened in the seizure, claiming storage on the piano at the rate of $2 per week, making a total of $228, to which should be added the sum of $20 as keeper's fees, totaling the sum of $248, being the amount claimed.

She prayed for an injunction prohibiting the sheriff of East Feliciana parish from distributing the proceeds of sale of the piano until further orders of the court, for the recognition of her privilege for the sum claimed, and asked to be paid by preference from the proceeds of sale, over all other creditors.

An exception of want of jurisdiction in the district court for the parish of East Feliciana was filed by plaintiff, Phillip Werlein, was maintained by the court, dismissing the third opposition, from which Mrs. Berger, third opponent, appeals.

Referring to third oppositions, Code Prac. art. 397, says:

"This opposition must be made before the court which has granted the order of seizure or the judgment in virtue of which the provisional seizure has been effected."

Article 396, Code Prac., grants the right to a third opponent to come into the court from which the writ of fieri facias has issued, when he contends that he has a privilege on the proceeds of the thing seized and sold.

In this case, as hereinabove stated, the record shows that the judgment in favor of plaintiff against defendant was rendered by the Twenty-First district court for the parish of Tangipahoa, and that the writ for the seizure was issued by that court; hence the third opposition under the provisions of article 397, Code Prac., should have been filed in that court, unless the case of third opponent comes within the exception recognized by our courts in such cases.

In the case of John McDonogh v. James Doyle, 9 Rob. 302, it appeared that James Doyle had obtained a judgment in the parish court of Jefferson parish against one Edward Gathiel. In execution of the judgment rendered in the parish court in that case, the property of McDonogh, plaintiff, consisting of a square of ground and a frame building, was seized. He obtained an injunction to arrest the sale, not in the parish court that had rendered the judgment and issued the writ, but in the district court.

The seizing creditor filed a motion to dissolve the injunction claiming that the district court which had issued it had no jurisdiction because the execution of judgments under articles 395, 397 of the Code of Practice belongs to the courts in which they are rendered or from which the orders for seizure have issued; and for that reason, McDonogh had no right to assert his ownership of the property in the district court.

The court found that on account of the value of the property claimed by McDonogh, it exceeded the jurisdiction of the parish court of Jefferson which had rendered the judgment and issued the writ. The court said that in such a case, when the party could not assert his rights before the court rendering the judgment, he could go for relief to a court that had jurisdiction of his cause and therefore "ex necessitate rei an exception to the rule laid down in the Code of Practice" had to be recognized.

In the case of State of Louisiana ex rel. John Osborn v. W. T. Houston, Judge of the Civil District Court for the Parish of Orleans, 35 La. Ann. 538, the property of defendant was seized in the parish of Orleans by the sheriff of that parish. In that case, the court recognized the doctrine which gives the court that has rendered the judgment the right to take recognizance of the proper manner in which its execution is to be determined. Code Prac. art. 629. It said, however, that ex necessitate there are exceptions to this rule, "Where, for instance, by the force of circumstances, it becomes necessary to ward off an immediate injury, otherwise unavoidable."

Great injury would have resulted to defendant in that case, the court said, if he had been required "to apply to the court of Rapides Parish, which rendered the judgment, for an injunction to arrest the threatened levy of the fi. fa. on his property," which the evidence shows was in the parish of Orleans. It was to "ward off" this immediate injury that the injunction was maintained ex necessitate rei.

In Brown v. Washington, 51 La. Ann. 483, 24 So. 976, 977, where the court cited several prior decisions, it was said that if we failed to recognize the exceptions to which we have referred, "our jurisprudence would present the absurdity of a wrong without a remedy, or a denial of justice in a matter clearly cognizable before our courts."

These authorities cited by counsel for third opponent are in line with other decisions of courts from the case of Lawes v. Chinn, 4

Mart. (N. S.) page 390, one of our earliest adjudications on this subject.

In the case of McDonogh v. Doyle, 9 Rob. 302, above referred to, the court held, as the parish court had no jurisdiction to entertain the demand, plaintiff had the right to resort to another court to determine the question of ownership of the property involved in the suit.

Here, it is obvious that as the claim for the alleged privilege by third opponent amounted to $248, the Twenty-First district court sitting in Tangipahoa parish had jurisdiction to pass on the third opposition in reference to the preference on the proceeds of sale of the piano asserted by intervener; hence the intervention of Mrs. Berger did not come within the exception recognized in the 9 Rob. 302.

In the other case above cited, the injunctions to arrest the sales were maintained because of the immediate injury the defendants would have suffered if required to apply for relief in the courts where the judgments had been rendered, or the writs for seizure had issued.

In the instant case, the piano was seized as the property of defendant, Leonard·H. Phillips, and there was no threatening of the sale of any property belonging to third opponent which could have resulted to her injury, immediately or otherwise. Her claim was merely for the recognition of her privilege on the proceeds of sale.

Such being the situation, the rule, ex necessitate rei on which the exception in such cases is grounded, finds no application; hence, the court below correctly dismissed the third opposition for want of jurisdiction.

Judgment affirmed.