JAMES HAGAN <em>v.</em> AARON HART.

Though the Code of Practice (arts. 395, 397, 617, 629,) provides that the execution of a judgment belongs to the court which rendered it, and that an opposition, by which a third person pretends to be the owner of the thing seized, must be made before the court which gave the judgment, or issued the order of seizure; yet, where a plaintiff sets up title in himself to a slave, shown to be worth more than three hundred dollars, and bases his injunction, or opposition, on his right of ownership, a question is presented which no Parish Court, except that of the parish of Orleans, can try, the jurisdiction of such courts being limited, (C. P. 128,) and no provision having been made for an appeal from their decisions to the Supreme Court. Such a case is, <em>ex necessitate rei</em>, an exception to the rules laid down for ordinary cases. Art. 397 must be considered as only applicable to those cases in which the value of the property seized is within the jurisdiction of the court issuing the execution; in other cases the opposition, or injunction, which the Code of Practice, (art. 393,) considers a separate demand, even when brought before the court which granted the order of seizure, must be taken into a court having jurisdiction co-extensive with the right claimed.

It is not necessary that a Parish Judge, in granting an injunction in the absence of the District Judge, should direct in his order into what court it is to be made returnable. It is the duty of the clerk to issue the writ according to law.

APPEAL from the District Court of Iberville, <em>Deblieux</em>, J.

Morphy, J. The defendant having obtained a judgment against John Hagen, in the Parish Court of Iberville, levied an excution on a slave named Martha, which he was about to sell to satisfy his judgment, when he was arrested by an injunction, sued out of the District Court, on the ground that the slave seized was not the property of the debtor, but that of the plaintiff, James Hagan, who had purchased her at Vicksburg, in October, 1841, for the sum of $425. A motion to dissolve the injunction was made, on the following grounds, to wit:

*First.* That the court was without jurisdiction, and could grant no injunction to stay an execution that had issued from the Parish Court.

*Second.* That the order of injunction was defective, because having been granted by the Parish, in the absence of the District Judge, it was not made returnable to the Fourth Judicial District Court, as required by law. The motion to dismiss having prevailed, the plaintiff appealed.

1. It is true that the Code of Practice provides that the execution of judgments belongs to the courts which rendered them, and that an opposition by which a third person pretends to be the owner of the thing seized, must be made before the court which gave the judgment, or issued the order of seizure. Arts. 395, 397, 617, 629. But the plaintiff sets up title in himself to a slave, shown to be worth more than three hundred dollars, and bases his injunction, or opposition, on his right of ownership; thus a question is presented which the Parish Court cannot try, that court being one of limited jurisdiction. Art. 128. Even could the plaintiff have gone into that court under the circumstances, and have tried his title there, no provision is made by law for appeals from the Parish Court to this tribunal. Were the articles of the Code of Practice on this subject to be rigidly and inflexibly adhered to, they would produce a failure of justice, and exhibit the strange anomaly in our jurisprudence, of existing rights without corresponding remedies to enforce them. A case like the present must, *ex necessitate rei,* form an exception to the rules laid down for ordinary cases. The reasons for introducing an exception in this instance are as strong, if not stronger, than those presented in *Lawes et al.* v. *Chinn,* 4 Mart. N. S. 390, which induced this

court to make an exception, " to prevent an immediate injury which could not otherwise bewarded off." The property being seized in a parish distant from that in which the judgment had been rendered, the only way of preventing a failure of justice, is to consider the rule laid down in article 397, as applicable only to cases where the value of the property seized is within the jurisdiction of the court issuing the execution, and to permit the litigation growing out of the opposition to be taken into a court having jurisdiction co-extensive with the right claimed. By this means no injustice is done, while the rights of all parties interested can be tested in the opposition or injunction suit, which the Code considers as a separate demand, even when brought before the court which granted the order of seizure. Art. 398. Such was the view this court took of the matter, in a later case, somewhat analogous to this. *Terry* v. *Terry et al.*, 10 La. 77.

II. In relation to the second point, we have already had occasion to say, that it was not indispensably necessary that the Judge, in giving his *fiat*, should direct that the writ should be returnable in a particular court ; but that it was the duty of the clerk to issue the writ according to law. 1 Robinson, 43. He does not appear, in this case, to have acted in violation of any provision, of law.

It is, therefore, ordered that the judgment of the District Court be reversed, the motion to set aside the injunction on the grounds filed overruled, and the case remanded for further proceedings ; the appellee paying the costs of this appeal.

*Labauve*, for the appellant.

*Edwards*, for the defendant.