STROUD et al. *v.* HUMBLE, Sheriff, et al.

Where the value of property seized under a *fi. fa.* from a parish court, exceeds the amount to which its jurisdiction is limited, an injunction may be obtained, by one claiming to be owner of the property, from a District Court.

APPEAL from the District Court of Caldwell, *Willson*, J. *McGuire* and *Ray*, for the appellants. *Mayo*, for the defendants.

The judgment of the court was pronounced by

SLIDELL, J. The sheriff, upon executions from the Parish Court against *William Stroud*, having seized certain slaves, the plaintiffs instituted, in the District Court for the parish of Caldwell, two suits against the sheriff and seizing creditors, and obtained writs of injunction, by which the execution of these writs respectively was enjoined. Among other grounds, some of which are peculiar to a portion of the plaintiffs, and which it is unnecessary to notice, the plaintiffs allege that the property seized is not the property of *William Stroud*, the defendant in execution, but of themselves, as heirs of their mother, who acquired the slaves by inheritance from her father. The plaintiffs also claim damages for the illegal seizure and slander of title, and pray for the restoration of the property, and to be quieted in their title. They allege the value of the slaves to be at least $1500. The two suits have been consolidated, and are presented to this court in one record, upon appeal from orders of the court below, dissolving the injunctions.

The plaintiffs had a right to resort to the jurisdiction of the District Court, although the executions issued from the Parish Court. See the case of *McDonogh* v. *Doyle*, 9 Rob. 303.

The objections that, the names of the parties in the suit in the Parish Court, and the titles of those suits, are not sufficiently stated in the bonds, are untenable. The plaintiffs in the judgment, as well as the sheriff, are named as obligors; and the recital of the writs, aided by the references to the petition of injunction, abundantly designate the process enjoined, and the suits in which such process issued. The injunctions were improperly dissolved, and must abide the final decision of the suits on the questions of title.

It is therefore decreed that the judgments appealed from be reversed; the injunctions thereby dissolved to remain in full force, as though said judgments appealed from had not been rendered, and to abide the final decision of said consolidated causes on the merits; the appellees paying the costs of this appeal.