JURE<br>v.<br>FIRST<br>MUNICIPALITY.

*Mandamus refused.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## HOBGOOD *v.* BROWN et al.

<div align="right">
2 | 323<br>
46 | 32<br>
2 | 323<br>
52 | 935<br>
2 | 323<br>
108 | 207
</div>

A sheriff, though made defendant, with the parties by whom a *fi. fa.* had been taken out, in an action to enjoin the execution, need not be made a party to an appeal taken by the plaintiffs in execution from a judgment dissolving the execution, where the judgment is not attempted to be amended to his prejudice.

Where a *fi. fa.* issued from a District Court is levied on land and slaves, within the jurisdiction of the court of another district, an injunction may be obtained from the latter.

A simulated sale vests no title whatever in the pretended purchaser, and may be disregarded by a judgment creditor in executing a *fi. fa.* It is not subject to the rules governing real contracts which operate injuriously to creditors, and which can only be avoided by a direct action.

APPEAL from the District Court of East Feliciana, *Johnson*, J. The defendants, *Lockhart* and *Arrott*, appealed from a judgment perpetuating an injunction obtained by the plaintiff against a *fi. fa.* issued from the District Court of the First Judicial District.

*Lawson* and *Merrick*, for the plaintiff. The court *a qua* correctly overruled the motion of the defendants, objecting to the jurisdiction of the court. See *Lawes et al.* v. *Chinn*, 4 Mart. N. S. 388. *Barbarin* v. *Saucier*, 5 Ib. N. S. 361 and 500. *Oger* v. *Daunoy*, 7 Ib. N. S. 658. *Dunn* and *Wife* v. *Vail*, 7 Mart. 416. Where a purchaser is in possession under a conveyance, or where the act of sale is in due form and authentic, the question of fraud cannot be inquired into collaterally, in a case commencing with a seizure. The party claiming rights upon the property, must bring a direct revocatory action. *Weeks* v. *Flower et al.* 9 La. 379. *Burland* v. *Carrollton Bank*, 14 La. 189.

*Muse*, on the same side.

*Z. S. Lyons*, for the appellants. The motion to dismiss is based on an evident clerical error, and cannot prevail. Act of 1839. 3 La. 281. The court was without jurisdiction to arrest an execution issued from another tribunal. C. P. 617. 4 Mart. N. S. 390. 7 Ib. N. S. 656. A simulated sale may be entirely disregarded. *Cammack* v. *Watson*, 1 Ann. Rep. 132. *Wright* v. *Chambliss*, Ib. 262.

The judgment of the court was pronounced by

KING, J. The motion to dismiss this appeal cannot prevail. The appeal was taken in open court. No bond of the appellants in favor of the sheriff was necessary, in order to enable the former to have their case heard as against the plaintiff in the cause. The judgment is not sought to be amended to the prejudice of the sheriff.

The statement in the motion for the appeal, that it was made by the counsel of the plaintiff, instead of the counsel of the defendants, is evidently a clerical error in transcribing the record.

*Lockhart* and *Arrot* held a twelve months' bond, executed by *Eckley*, *Harrell* and *Nettles*, under which they caused a *fieri facias* to issue from the District Court of the First Judicial District, directed to the sheriff of East Feliciana. The sheriff proceeded to execute the writ on a tract of land and a number of slaves, in the possession of *Harrell*. *Hobgood*, the plaintiff in the present action, enjoinep

the proceeding, alleging that he was the owner of the property seized, by purchase from *Harrell* and wife. A motion was made in the court below to dissolve the injunction, on the ground that the judgment of *Lockhart* and *Arrot* was rendered in the First District Court, and that the District Court of East Feliciana was without authority to arrest its execution. The motion was overruled, and, we think, correctly, under the authority of the case of *Lawes et al.* v. *Chinn.* 4 Mart. N. S. 388.

The defendant, *Lockhart,* alleges in his answer, that the sale from *Harrell* and wife to *Hobgood* is simulated and void ; that it was made by the parties collusively and fraudulently, for the express purpose of defeating the defendant's claim ; and he offered witnesses, on the trial below, to prove these allegations, and, as one of the badges of fraud, that the sale was accompanied by no change of possession. The testimony was rejected, on the ground that the validity of the sale could not be collaterally questioned, and that the party claiming rights upon the property which it conveys, must, before exercising them, cause the act to be annulled in a direct revocatory action. The judge, in our opinion, erred.

A simulated sale wants the essential requisites of a contract. It vests no title whatever in the ostensible purchaser, and may be disregarded by the judgment creditor in the execution of his *fieri facias.* It is not subject to the rules governing real contracts which operate injuriously to creditors, and which can only be avoided by a direct action. When a plaintiff in execution, finds himself opposed by such a pretended and unreal transfer, he must be permitted to prove its falsity. *Cammack* v. *Watson,* 1 Ann. Rep. 132. *Wright* v. *Chambliss,* 1 Ann. Rep. 262. The court below, in our opinion, erred in perpetuating the injunction.

It is therefore ordered, that the judgment of the District Court be reversed. It is further decreed, that this cause be remanded for a new trial, with instructions to the district judge to receive testimony to show that the sale from *Harrell* and wife to *Hobgood* was simulated, and that the sale was not accompanied by a change of possession ; the appellee paying the costs of the appeal.