## GALBRAITH et al. *v.* SNYDER et al.

A District Court having jurisdiction over the place where an execution is levied. may enjoin the execution, though the domicil of the party at whose instance it was issued be in another parish.

A judgment allowing a fee to counsel appointed by the court to represent an absentee, is a nullity. No action is necessary to have it declared so. Const. art. 71. C. C. 12.

Informalities in a seizure may be considered on the trial of an injunction to arrest it, though not set forth in the petition for the injunction.

Where notes offered in evidence before their maturity, have been withdrawn, by permission of the court on leaving certified copies of them in the record, the levying of a *fi. fa.* upon the copies of the notes and notice to the maker, will not constitute a legal seizure.

Where judgment has been pronounced by a District Court, no other District Court has jurisdiction of an action to annul it. C. P 608.

A PPEAL from the District Court of Corroll. *Selby*, J. *R.N.*, and *A. N. Ogden*, for the appellants. *Thomas*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. *Snyder* obtained a judgment in the District Court of Madison, against the *Planters' Bank*, on attachment, on the 30th April, 1846. In this suit the bank was represented by *Shannon* as attorney ad hoc, under the appointment of the court, and he was allowed in the judgment a fee of $125. *Snyder's* judgment was for $2,150 and interest, upon which a collection has been made of $1,073 50.

Upon this judgment in favor of *Snyder* and *Shannon* they issued an execution to the parish of Carroll, and attempted to levy upon certain debts, amounting to $90,730 74, due by *E. F. Atchison*, represented by his six notes secured by mortgage upon lands in the parish of Carroll, which notes, once held by the bank, are now claimed by the plaintiffs to be their property. A few days previously to the seizure these notes had been offered in evidence by the trustees, *Mandeville* and others, in the two cases now pending in this court, of *Bryan* and of *Chambliss* against *Atchison*, and were then withdrawn by leave of court, on leaving in the record certified copies of them. This so called seizure was made by levying upon the copies of the notes and act of mortgage, and giving notice to the attorney who represented the trustees in those suits and to *Atchison*. Those trustees were not the present plaintiffs, but trustees appointed by an assignment made by the Planters' Bank.

The sheriff, after these proceedings, advertised the *Atchison* debt for sale, and the trustees then brought the present suit, and enjoined the sale. They allege the forfeiture of the bank's charter, their appointment, their ownership

of the *Atchison* debt, and the nullity of the judgment obtained by *Snyder* and *Shannon*.

*Shannon* and *Snyder* excepted to the suit upon two grounds : first, that their domicil is in the parish of Madison, and that they are only suable in that parish ; secondly, that the judgment sought to be annulled was rendered in the District Court of the parish of Madison, and no suit can be instituted in any other court to annul the same.

The first ground has not been pressed in argument by counsel, and is clearly untenable, in a case of this nature. The second ground is clearly untenable, with regard to a portion of the judgment upon which the execution issued. That portion of the judgment which adjudged the allowance of $125 to *Shannon*, was a violation of a constitutional prohibition, and was a nullity so absolute that no action of nullity was necessary to set it aside. See Constitution, art. 71 ; and Civil Code, art. 12.

Upon the merits it is clearly shown by evidence admitted without exception, that the attempted seizure was informally made, and although such informality was not one of the grounds set forth in the petition for the injunction, it should have been considered. To permit the consummation by sale of an informal seizure, could lead only to future embarrassment and litigation. The unmatured negotiable notes which the defendants had attempted to seize, and proposed to sell, were not levied upon by the sheriff.

The right of these plaintiffs to stand in judgment as the successors of the bank, and interfere in these unlawful proceedings against its assets, has been disputed by the defendants. It is unnecessary to enlarge upon this matter here. We considered this subject at some length in the case of the *Planters' Bank* against *Bass*, recently decided, *ante* p. 430 ; and there held that *Galbraith* and *Cooper*, in their capacity of trustees, were to be regarded as the successors of the bank, and were competent to prosecute suits in our courts. Whether, if the seizing creditors had made a valid seizure of property, formerly the bank's, we would not have relieved the plaintiffs by arresting the seizure and restoring the property to them, is a question not now before us. Here we arrest the execution, because it is the execution of a judgment unconstitutional and absolutely void in part ; and because the execution of so much of the judgment as is not void on its face, has been conducted informally, and in such a manner as could pass no valid title to a purchaser, and could serve no other purpose than to cloud the title, and produce future uncertainty and litigation.

We express no opinion as to the nullity of the judgment obtained in the District Court of Madison by *Shannon* against the bank, after the charter was declared forfeited ; the District Court of Madison is the proper forum for the investigation of that question. Code of Practice, art. 608.

We also express no opinion as to the validity of the assignment to *Mandeville* and others, who are not before us ; nor are we informed in this suit as to the particulars of the assignment for the benefit of creditors, under which they claim. For the purposes of the present suit *Galbraith* and *Cooper* stand before us as the successors of the bank, and have, at any rate, such a residuary interest in its assets, as justified their efforts to protect them against an illegal seizure and informal sale.

It is therefore decreed that the judgment of the court below be reversed, and that the defendant *Shannon* be perpetually enjoined from executing the judgment rendered in his favor against the said Planters' Bank, by the District

GALBRAITH
*v.*
SNYDER.

Court for the parish of Madison; that the defendant *Snyder* be perpetually enjoined from proceeding to sell under the pretended seizure, made by the sheriff of the parish of Carroll, as by the record in this cause appears, the interest of the Planters' Bank in the notes therein described; and that the costs in both courts be paid by the said *Shannon* and *Snyder.*