## POLICE JURY OF WEST BATON ROUGE v. MICHEL et al.

A *fi. fa.* issued from a district court and levied on property within the jurisdiction of another district court, may be enjoined by the latter.

It being the duty of the police jury of each parish to provide a sufficient house for the courts and jurors, and a good and sufficient jail to receive and keep prisoners, where buildings have been thus provided by a parish for the State, and are used and occupied for public purposes, they are not liable to seizure and sale under execution against the police jury.

APPEAL from the District Court of West Banton Rouge, *Burk*, J. Bennett, for the plaintiffs. *Lacey*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. The sheriff on an execution issued on a judgment obtained by the plaintiff, *Jean Pierre Michel*, against the police jury of West Baton Rouge, in the District Court held in the parish of Pointe Coupée, seized and was proceeding to sell the court house and furniture, the clerk's office and furniture, and the recorder's office and jail of the parish of West Baton Rouge. An injunction was granted by the judge of the sixth judicial district against any further proceedings in relation to the property thus described, which was by judgment of the court made perpetual, and the defendants have appealed.

The defendants contend that the judgment on which the execution issued having been rendered by the District Court at Pointe Coupée, the District Court at Baton Rouge had no jurisdiction or authority to grant or maintain the injunction. This question we consider settled in the case of *Hobgood* v. *Brown*, 2 An. 323, and the cases there cited.

It being the duty of the police juries of the several parishes to provide a sufficient house for the courts of the State, with proper rooms for jurors, and a good and sufficient jail to receive and keep prisoners, it seems to us to follow that, when the buildings are thus provided by a parish for the State, and are

Police Jury
v.
Michel.

used and occupied for public purposes, they are not liable to seizure and sale on
execution against the corporation of the parish, under the principles laid down
by this court in the case of *Egerton* v. *The Third Municipality*, 1 An. 435.

*Judgment affirmed.*