### WILLIAM S. DONNELL *v.* W. H. PARROTT and wife.

As a general rule the execution of a judgment cannot be enjoined by any other court than that from which the writ issued.

Unless a necessity exists for it and a manifest injury would otherwise be done, no court, other than that rendering the judgment, has jurisdiction over the execution.

A party will not be permitted to arrest an execution by a defence of compensation, which he might have made, but omitted to make in the suit wherein the judgment was rendered, the execution of which he seeks to arrest.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Semmes & Labatt*, for plaintiff. *Durant & Horner*, for defendants and appellants.

COLE, J. The plaintiff, *Donnell*, sued defendants, at their domicil in the parish of St. Landry, for a debt alleged to be due for plantation supplies.

*Donnell* was then, and now, a resident of New Orleans.

He claimed then $586 53, with interest.

*Wm. H. Parrot* answered by a general denial. His wife filed a separate answer, averring that she owed *Donnell* nothing, but that he was indebted to her in a large amount, which she plead in reconvention.

When the cause came on for trial before the court in St. Landry, the plaintiff, *Donnell*, moved to discontinue, and the court awarded judgment, dismissing the cause without noticing *Mrs. Parrott's* reconventional demand.

She appealed, and this court affirmed the judgment of the lower court, so far

as it dismissed the claim of the plaintiff, *Donnell*, but reversed it so far as it dismissed the reconventional demand of *Mrs. Parrott*, (*Donnell* v. *Parrott*, 10 An. 703.)

The cause went back to the District Court in St. Landry for re-hearing on the reconventional demand of *Mrs. Parrott*, and was tried contradictorily with *Donnell*, and there was judgment in favor of *Mrs. Parrott* for $6,831 50.

From this judgment *Donnell* took a suspensive appeal and this court affirmed the same.

On the judgment thus affirmed the court in St. Landry issued a *fi. fa.* against *Donnell*, directed to the Sheriff of the Parish of Orleans, where he resided.

*Donnell* sued out an injunction against it on the 3d October, 1856, in the Fourth District Court of New Orleans.

The petition of injunction avers that plaintiff, as commission merchant, received and sold defendants' crops, and afforded supplies for the plantation.

Plaintiff further alledges therein that the statement of accounts between them on the 15th April, 1854, showed a balance in his favor of $586 63; that he brought suit for this amount; that his suit was dismissed without his knowledge, and the reconventional demand was prosecuted against him without his knowledge; that being ignorant of the reconventional demand, he did not set up that it had been extinguished by compensation by operation of law; that in consequence of *Mrs. Parrott's* judgment against him, she is really indebted to him in the sum of $7,213; he prays for an injunction against *Mrs. Parrott's* execution; that *Mr.* and *Mrs. Parrott* be cited to appear before the Fourth District Court of New Orleans to answer his petition; that his claim of $7,213 67, against them, be declared to be due, liquidated and demandable; that *Mrs. Parrott's* judgment be declared to be extinguished by compensation; and that he have judgment against *Mrs. Parrott* for $586 53.

In accordance with the prayer of the petition, an injunction, staying her execution, from the District Court of St. Landry, was at once issued by the Fourth District Court of New Orleans.

*Mr.* and *Mrs. Parrott* excepted to the jurisdiction over them of the Fourth District Court of New Orleans, on the ground that their domicil was in the Parish of St. Landry.

This exception was dismissed, as to the amount pleaded in compensation, but sustained as to any excess over it.

There was judgment in the lower court in favor of *Donnell* and against *Parrott* and his wife *in solido* for seven thousand two hundred and sixty-seven dollars and fifty cents and interest, and that the judgment rendered by the Fifteenth Judicial District Court of the Parish of St. Landry in favor of *Mrs. Parrott* and against *Donnell* for $6,836 50, with interest, be decreed to be extinguished by compensation, and that the injunction herein issued be made perpetual, and that *Parrott* and his wife, and the Sheriff of the Parish of Orleans, be forever enjoined from proceeding any further under the execution issued from the aforesaid Fifteenth Judicial District Court, at the suit of said *Donnell* against *Parrot* and wife, No. 7315 of the docket of said court, and that defendant pay costs of suit.

From this statement of facts we deduce two reasons, either of which is sufficient to cause the judgment to be reversed.

1. Under the circumstances of this case, the Fourth District Court of New Orleans was without jurisdiction to enjoin a *fi. fa.* from the District Court of St. Landry.

It was in the power of *Donnell* to have set up, in his suit in St. Landry, against the reconventional demand of *Parrott* and wife, all the defences and pleadings that he urges in his opposition to the execution issued in that case.

The amount, $586 63, originally sued for by *Donnell*, and the $7,267 50 claimed by him in the injunction suit, grew out of the relations of the parties as factor and planter, and had their origin in similar reciprocal transactions between them. These contestations could all have been liquidated and decided in the suit in St. Landry.

*Donnell* could have had his original claim for $586~63 adjudicated upon, and if his averments in the injunction suit are true, he could also have shown that the reconventional demand of *Parrott* and wife had been compensated by advances made by him.

We are of opinion, that when claims have thus a cognate origin and one of the parties has failed to set up any sufficient defence, he cannot enjoin an execution on a judgment between the parties by application to any other court than that from which the writ issued, even if he can do it in any such case. *Oyer* v. *Daunoy*, 7 N. S. 658.

An adverse doctrine would unnecessarily protract the administration of justice, and put parties to useless expense. *Cuvillier* v. *Turnbull's Heirs*, 8 M. 63. C. P. Art. 373.

2. We are of opinion that a party ought not to be permitted to arrest an execution by defences of compensation that he could have made in the original suit, to which he was a party.

The court of St. Landry, in its judgment, reserved the right of *Donnell* to set up his claims, if any he had, in a separate suit, and we think this is the proper course at present, in the event he has any legal demands against *Parrott* and his wife.

The judgment enjoined bears 5 per cent. interest. We allow 3 per cent. additional interest from the 3d October, 1856, the time of issuing the injunction, until the 5th April, 1858, the period of dissolution of the injunction. We think that under the circumstances of this case, no other damages ought to be allowed.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed; that the injunction be dissolved with three per cent. additional interest, as damages, on the amount of the judgment enjoined, to wit: on six thousand eight hundred and thirty-six dollars and five cents, from the 3d October, 1856, until the 5th April, 1858. It is further ordered and decreed, that the Sheriff of the Parish of Orleans proceed, according to law, to execute the *fi. fa.* transmitted to him, and which was hitherto enjoined by this suit, and that plaintiff in injunction pay the costs of both courts; and that the right of *Donnell* is reserved to prosecute his claims in a separate and distinct suit, if any he has.

SPOFFORD, J., took no part in this case.

MERRICK, C. J., concurring. The cases in which this court has sanctioned injunctions issuing in other parishes than those where the judgments were rendered, were those in which manifest injury would have been done had they not been allowed. In the language of the court, they were allowed *ex necessitate rei*. 4 N. S. 390. *Lawes* v. *Chinn*, 7 N. S. 659. *Ogier* v. *Daunoy*, 2 An. 323. *Hobgood* v. *Brown*, 4 An. 84. It was not the intention of the court to expunge from the Code of Practice Articles 617 and 629, giving the court, rendering the judgment, jurisdiction over its executions. Now, in the case before us, there does not exist the necessity referred to, nor can the doctrine of those cases be reason-

DONNELL
v.
PARROTT.

ably applied. For the plaintiff, when he instituted his suit in St. Landry on this identical demand, and was met by the defendants' reconventional demand, stood towards her in the District Court of that parish precisely as he seeks to do in the Fourth District Court of New Orleans. The plaintiff then, instead of insisting upon his demand and opposing it to the defendants' demand, unnecessarily withdrew it from the further cognizance of that court, and suffered a final judgment to be rendered against him, merely obtaining from the court a reservation of his demand against the defendant. This final judgment of the court, taking cognizance of his demand so far as to dismiss it, must be executed, and cannot again be delayed by the consideration of that question as a bar to the execution of the judgment. And this, it appears to me, is the obvious meaning of every reservation of this kind in a final judgment. The matter reserved can no longer be opposed to the judgment, and the party is left to his *action*, at the domicil of the party, for redress. *Thomas, adm'r*, v. *Bourgeat*, 6 Rob. 438.

The penalty for neglecting to oppose compensation is prescribed by Article 373, C. P., which is in these words :

"Art. 373. If the defendant suffer judgment in the original suit, without pleading such compensation as he may have to oppose, as provided above, he shall not on that account lose his right of action to recover whatever amount such plaintiff owes to him, *but he must bring his action before the court within whose jurisdiction the plaintiff has his domicil.*" See also 8 L. R. 104, 273 ; 9 Rob. 165 ; 1 An. 284 ; 5 An. 670.

If such be the penalty for not opposing compensation, it cannot be less where the party voluntarily withdraws the consideration of his demand from the court. For reasons which are obvious, he must be considered as having waived his right to oppose the judgment on those grounds.

I, therefore, concur in the conclusions of Mr. Justice COLE, deeming it unnecessary to express any opinion upon the merits of this controversy.