WIDOW M. S. DUFOSSAT *v.* CHARLES F. BERENS et al.

The execution of a judgment can be enjoined by no other Court than that from which the writ issued.

District and Parish Courts have no jurisdiction when actions are brought against persons residing in the State, out of the limit of their respective jurisdiction, except in the cases expressed in the Code of Practice, unless the defendant, of his own accord, should submit to their jurisdiction.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *C. Dufour* and *E. Bermudez*, for plaintiff and appellant. *E. W. Huntington*, for defendant.

ILSLEY, J.   The plaintiff obtained, in the Sixth District Court of New Orleans, a mandate of injunction to stay proceedings, under an order of seizure and sale, issued by the Third District Court of New Orleans.

A rule was taken by the defendant in the injunction suit to show cause why the injunction should not be dissolved, with damages and costs, on the grounds :

1. That the Court was without authority to arrest the process of the Third District Court.

2. That the plaintiff should have filed her opposition to the writ of seizure and sale in the Court from which it emanated, and obtained the injunction in conformity with Article 738 of the Code of Practice ; and,

3. That the petition shows no ground for the injunction.

The rule was made absolute, and the plaintiff appealed.

The first question presented is whether the Sixth District Court could grant an injunction to arrest an order of seizure and sale, in another Court of concurrent jurisdiction, in the city of New Orleans ?

In the separate opinion of Chief Justice Merrick, concurring with the Court in the case *Donnell* v. *Parrott*, 13 An. 253, he states the cases which had formed the exceptions, ex necessitate rei, to the general rule that the execution of a judgment can be enjoined by no other Court than that from which the writ issued.

The exception was that recognized in *Lawes et al.* v. *Chinn*, 4 N. S. 390. It was to prevent an immediate injury, which could not otherwise be warded off, the property being seized in a distant Parish from that in which the judgment had been rendered.

" We thought," say the Court, " that if an execution, issued from Washita or Natchitoches, was levied in the Terres aux Bœufs or Washington, on personal property, it would be sold, if no Judge but he who gave the judgment could grant an injunction." And it was restricted to such cases in 16 An. 110 ; 5 An. 644 ; 4 An. 84 ; 2 An. 323 and 492.

In *Ogier* v. *Daunoy*, 7 Martin's N. S., the Court said : "In the present case, the Judge who gave the judgment, and he who issued the injunction, were in the same Parish. We therefore conclude that the injunction was improperly issued, and the District Court improperly applied to, to obtain a restoration of the property seized.

We do not think that the fact that the plaintiff in the executory process, being the Clerk of the Court whence it issued, deprived that Court of jurisdiction to stay proceedings therein.

He is, quoad any duties that would have devolved on him in carrying out the order of the Judge, a mere ministerial officer of the Court, sworn to perform his duties as Clerk, faithfully and honestly; and any deviation from duty on his part, could be instantly remedied on a proper application.

We cannot perceive how his *ministerial* duty as an officer could be made subservient to his interest as a party litigant.

The Third District Court, we repeat, was not incompetent to grant the injunction, and it was the proper party to issue it.

But the plaintiff, in the action via executiva, has waived the right to contest the jurisdiction of the Sixth District Court, by invoking its aid to realize the fund admitted by the defendant to be due by her, and deposited with the Sheriff. Art. 129 C. P.   10 La. 228.   11 Rob. 418.

And the Court, therefore, erred in dismissing the petition for injunction.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the injunction suit be remanded, to be further proceeded in according to law; the costs of this Court to be paid by the appellee.