## No. 952.

### M. BONIN vs. A. L. MONOT, PRESIDENT POLICE JURY.

The proceeding in the district court was irregular and unauthorized. Under article ten of the constitution of the State the plaintiff had the right to sue out an injunction in the parish court, and if the amount involved justified it, an appeal from that court to the district court might have been taken. But the district court had no right to prevent a suit in the parish court by injunction.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train*, J. *R. S. Perry*, for plaintiff and appellant. *W. F. Schwing*, parish attorney, for defendant and appellee.

LUDELING, C. J. It appears that in 1875 the plaintiff, a lessee of the Nel-

son tract, was about closing a road which had been used as a public road for many years. The police jury directed the parish attorney to enjoin the said Bonin from closing the road by running his fences across it. The injunction was issued by the parish court. Thereupon the said Bonin obtained an injunction from the district court arresting the process and writs of the parish court. The district court, on the trial of the cause, decided that the road was a public road, dissolved its injunction, and commanded the sheriff to execute the injunction of the parish court. The proceeding in the district court was irregular and unauthorized.

Article ten of the constitution of this State declares that "all courts shall be open, and every person, for injury done him in his lands, goods, person, or reputation shall have adequate remedy by due process of law, and justice administered without denial or unreasonable delay." Under this provision the parish of Iberia had the right to sue out the injunction in the parish court, and if the amount involved justified it, an appeal from that court to the district court might have been taken. But the district court had no right to prevent a suit in the parish court by injunction.

It is therefore ordered that the judgment of the district court dissolving the injunction be affirmed with costs of appeal.

Rehearing refused.