State ex rel. Osborn vs. Judge.

No. 8858.

THE STATE OF LOUISIANA EX REL. JOHN OSBORN VS. W. T. HOUSTON, JUDGE OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

A prohibition is not a writ of right and issues only in the sound discretion of the court.

It does not lie to prevent a District Judge from entertaining jurisdiction over a suit for an injunction to arrest the execution of a *fi. fa.*, issued by a court of a different territorial jurisdiction against a party to the suit, domiciled within the jurisdiction of the first Judge, where, under the force of circumstances, it becomes necessary to ward off an immediate injury, otherwise unavoidable.

The rule that each court controls the execution of its judgment is subject to such an exception in favor of both the party cast in the suit and of third opponents.

APPLICATION for a Prohibition.

*H. C. Myers* for the Relator.

*F. D. Chrétien* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a Prohibition. The relator charges that the respondent Judge has illegally issued an injunction arresting the execution of a *fi. fa.* issued in his favor, as defendant, against the plaintiff in the case, by the District Court of the Parish of Rapides, and directed to the sheriff of the Parish of Orleans ; that in doing so, said Judge has exceeded the bounds of his jurisdiction ; that he has excepted to such proceedings, but that his exception was overruled ; that the District Judge, although incompetent, is about to try the case on its merits, and that the prayer is, that the injunction is perpetuated.

The District Judge returns that he has jurisdiction, and refers to several authorities in justification of his conduct.

As a matter of public policy, with a view to a proper balance and harmonious operation of the judicial system, and to avoid conflicts of jurisdiction, the law has, from the beginning, wisely provided that it appertains to the court which has rendered the judgment to take cognizance of the proper manner in which its execution is to be determined. C. P. 629. Hence, it has been held, that as every court has exclusive control over its process, the execution of a judgment can be enjoined by no other court than that from which the writ issued.

This is so truly so, that when execution issues and is levied on property actually belonging or supposed to belong to the defendant in the writ, third parties are directed to present their claim before the same court, either for a preference out of the proceeds of the thing seized, when sold, or to arrest the sale when they assert title of ownership to it. C. P. 397 ; H. D. 1180 ; L. D. 551.

State ex rel. Osborn vs. Judge.

Exceptions *ex necessitate* have nevertheless been judicially recognized to exist to the rule where, for instance, by the force of circumstances, it becomes necessary to ward off an immediate injury, otherwise unavoidable.

This privilege has been declared as extended, not only to third persons, but also to parties to the suit in which the writ had issued to the sheriff of a court having a territorial jurisdiction different from that of the court which rendered the judgment. 7 N. S. 658; 4 N. S. 388; 2 An. 323, 492; 5 An. 648; 4 An. 84; 13 An. 253; 18 An. 339; 27 An. 606; 28 An. 598.

The writ of prohibition is not a writ of right. It issues, in the discretion of the court exercising a supervisory control, only in those cases in which there exists a palpable usurpation of jurisdiction.

If the facts alleged in the petition for an injunction in the case in question be true, there can be no doubt that the plaintiff, defendant in the writ, is entitled to claim and obtain, at the hands of the court having jurisdiction of his person and of his property, the protection which he demands.

His complaint therein is, that the *fi. fa.* has issued against him for costs which he does not owe, and that, unless the local sheriff having the writ for execution be enjoined from proceeding thereunder, his property will be seized, to his injury and damage.

It is clear that, under such circumstances, it would be requiring from the defendant in writ an impossibility, and to expose him to, possibly, great injury, to demand of him to apply to the court of Rapides Parish, which rendered the judgment, for an injunction to arrest the threatened levy of the *fi. fa.* on his property. The apprehended injury, otherwise unavoidable, could not have been warded off immediately, unless by application to the court of the party's domicil.

It is next urged that the District Court was without jurisdiction, because the judgment, the execution of which is enjoined, is for less than one hundred dollars.

The District Court of Rapides Parish would have had jurisdiction to enjoin its judgment. The District Court of the Parish of Orleans is *ex necessitate* substituted to it. The plaintiff in injunction could not have applied to a City Court for relief.

The application is refused with costs.

Rehearing refused.