(54 South. 740.)

No. 18,654.

CARRE, Limited, v. INTERNATIONAL CAR CO.

In re SCHNEIDAU.

(Feb. 27, 1911. Rehearing Denied March 27, 1911.)

*(Syllabus by the Court.)*

COURTS (§ 480*)—CONFLICT OF JURISDICTION—INJUNCTION AGAINST PROCEEDING.

The Civil District Court for the parish of Orleans is without jurisdiction to enjoin at the instance of the receiver of a corporation appointed by it the execution of a writ of seizure and sale issued from the district court for the parish of Jefferson, and directed against immovable property of the corporation there situated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. § 480.*]

Action by W. W. Carre, Limited, against the International Car Company. Application of Oscar A. Schneidau for writs of prohibition and certiorari. Alternative writs of prohibition made perpetual.

Johnston Armstrong, for relator. Dart, Kernan & Dart, for respondent.

MONROE, J. Relator is the holder of four notes, of $3,000 each, executed by the International Car Company, dated October 4, 1909, made payable in one year, and secured by mortgage (importing confession of judgment and containing the pact de non alienando) on real estate in the parish of Jefferson, which mortgage was duly recorded. In March, 1910, the civil district court for the parish of Orleans on the application of a creditor appointed a receiver for the car company, and in June the receiver attempted to sell the property in question, but the adjudication made in July was set aside, and thereafter, on October 7, 1910, relator obtained an order of seizure and sale from the district court for the parish of Jefferson, of which the receiver was notified, and from which he obtained an order of appeal. He, however, failed to furnish the bond required, and the appeal was abandoned, whereupon the sheriff of the parish of Jefferson made an actual seizure of the property and proceeded to advertise it for sale under the relator's writ, and had so advertised it up to the day preceding that fixed for the sale when he was stopped by an injunction sued out by the receiver in said civil district court. Relator then, after an unsuccessful attempt by rule to have the injunction dissolved, on the ground that the court was without jurisdiction, obtained from this court an order directing the judge of the civil district court to show cause why a writ of prohibition should not issue, and prohibiting him in the meanwhile from proceeding with the trial of the injunction. A few days later, by supplemental petition to this court, relator alleged that the receiver had advertised the property in question for sale, and that a further prohibitory order was necessary for the protection of his rights, and the order was made.

The judge a quo has sent up the papers accompanied by his answer or return in which he gives his reasons for exercising the jurisdiction of which relator complains. His position, as elaborated in the brief filed by counsel for respondents, is, in substance, as follows:

Article 133 of the Constitution confers upon the civil district court jurisdiction "in all proceedings for the appointment of receivers." Act No. 159 of 1898 confers upon the court authority "to appoint receivers to take charge of the property and business of corporations." The authority of the receiver (say the learned counsel) is not restricted to the place where the corporation may have its domicile, but extends wheresoever the business or property of the corporation may be found, and his possession in any part of the state is the possession of the court by which he was appointed, though the territorial jurisdiction of such court be confined

to a particular parish. The learned counsel then refer to and construe together Code Prac. art. 736, Act No. 15 of 1894, Act No. 25 of 1902, Act No. 159 of 1898 (particularly section 11), and Act No. 44 of 1910, and reach the conclusion that the receiver's possession, constructive or actual, of the immovable property in question, situated in the parish of Jefferson, could not lawfully be ousted by the sheriff of that parish, acting under the authority of a writ of seizure and sale issued from the district court of the parish for the enforcement of a mortgage, importing confession of judgment, and containing the pact de non alienando.

Now whether that conclusion is correct or not may present a very nice question of law; but there is another question presented here which takes precedence of it, and that is, Where does the civil district court for the parish of Orleans get the right or the power to stop the district court for the parish of Jefferson from exercising in that parish any jurisdiction that it may consider that it possesses? In a case in which the civil district court enjoined the sheriff of the criminal district court (of the same parish) from executing by seizure a judgment for money rendered by said criminal court against the surety on a bond this court, through Bermudez, C. J., said:

"However apparent may be the competency of the criminal district court to render judgment forfeiting appearance bonds, * * * it is unnecessary, as plaintiff would have us do, to express a formal opinion on the subject. * * * The solitary question involved relates to the power of the civil district court to enjoin the sheriff and practically the criminal district court itself from executing the writ issued against the plaintiff here. * * *

"Looking, therefore, into the question of jurisdiction, we find that the law for the purpose of avoiding conflict of courts, and for the purpose of securing public order and an harmonious administration of justice, has clearly and positively provided on the subject. It says in emphatic terms that the execution of the judgment belongs to the court by which the cause has been tried (Code Prac. art. 617), and that it is for the court which has rendered the judg-

ment to take cognizance of the manner of its execution (Code Prac. art. 629). It has therefore become a principle, deeply imbedded in jurisprudence, that the execution of a judgment can be enjoined by no other court than that from which the writ issued. [Lawes v. Chinn], 4 Mart. (N. S.) 390; [Hobgood v. Brown], 2 La. Ann. 323; [Galbraith v. Snyder], 2 La. Ann. 492; [Police Jury v. Michel], 4 La. Ann. 84; [Copley v. Edwards], 5 La. Ann. 647; [Donnell v. Parrott], 13 La. Ann. 253; [Coleman v. Brown], 16 La. Ann. 110; [Dufossat v. Berens], 18 La. Ann. 339; [State ex rel. Hirsch v. Judge], 39 La. Ann. 97, 1 South. 281; [State v. Lazarus], 39 La. Ann. 182, 1 South. 361; [State v. Voorhies], 40 La. Ann. 2, 3 South. 460. * * *

"If the criminal district court had no jurisdiction the complainant should have applied to it for redress, and, if he was entitled to relief and the same was denied him, he could not have been left without a remedy. He could have obtained such, either by appealing, or, in case of urgency, by invoking such conservatory measures as this court under the Constitution (article 90) could allow." Arthurs v. Sheriff, 43 La. Ann. 416, 417, 9 South. 126, 128.

There are no doubt some exceptions to the rule thus stated, and they are mentioned in the opinion in the case of Speyrer v. Constable et al., 108 La. 204, 32 South. 524, which of itself furnished one of them; but the instant case falls within the rule and not within the exception.

It is therefore ordered, adjudged, and decreed that the alternative writs of prohibition herein issued upon relator's original and supplemental petitions be now made perpetual, and that the costs of these proceedings be paid by the receiver of the International Car Company.