(102 So. 821)

No. 26972.

## SAN–I–BAKER CORPORATION v. MAGEN-DIE.

## In re MAGENDIE.

(Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⬡486—**Party prevented by excess of claim from going before court of limited jurisdiction to contest rank with another creditor, can compel his adversary to come into higher court.**

Where claimant of proceeds of property seized under fi. fa. from city court, jurisdiction of which is limited by Const. 1921, art. 7, § 91, pars. 1 and 3, is thereby prevented from going before that court to contest his claim with creditor in fi. fa., he can compel creditor to come into civil district court to litigate claim.

2. **Courts** ⬡480(1)—**Where value of property seized was beyond jurisdiction of court, injunction may be obtained from court having jurisdiction of amount involved.**

Where value of property seized under writ from court of limited jurisdiction is beyond jurisdiction of that court, injunction may be obtained by one claiming ownership of the property from court having jurisdiction of amount involved.

O'Niell, C. J., dissenting.

Action by the San-I-Baker Corporation against L. A. Magendie, Jr. Judgment for plaintiff, who thereupon seized under fi. fa. an automobile of which L. A. Magendie, Sr., claimed to be the owner. An injunction against the execution was refused to claimant, and he applies for writ of mandamus, to Hon. Hugh C. Cage, Judge Civil District Court, for the parish of Orleans. Preliminary writ made absolute.

Paul W. Maloney, of New Orleans, for relator.

ST. PAUL, J. Plaintiff obtained judgment against defendant in the First city court of New Orleans and thereupon seized under fi. fa. an automobile valued more than $300. Relator applied to the district court for an injunction against the execution, claiming ownership of the automobile seized. The respondent judge refused the injunction on the ground that he was without jurisdiction and that relator should have applied to the judge of the city court.

The controversy is over the ownership of the seized automobile, and hence involves more than $300, which is the limit of the city court's jurisdiction even as to "moneyed demands." Const. 1921, art. 7, § 91, pars. 1, 3, pp. 64, 65.

In State ex rel. Osborn v. Houston, Judge, 35 La. Ann. 538, this court said:

"As a matter of public policy, with a view to a proper balance and harmonious operation of the judicial system, and to avoid conflicts of jurisdiction, the law has, from the beginning, wisely provided that it appertains to the court which has rendered the judgment to take cognizance of the proper manner in which its execution is to be determined. C. P. 629. Hence, it has been held, that as every court has exclusive control over its process, the execution of a judgment can be enjoined by no other court than that from which the writ issued.

"This is so truly so, that when execution issues and is levied on property actually belonging or supposed to belong to the defendant in the writ, third parties are directed to present their claim before the same court, either for a preference out of the proceeds of the thing seized, when sold, or to arrest the sale when they assert title of ownership to it. C. P. 397; Henn. Dig. 1180; Louq. Dig. 551.

"Exceptions ex necessitate have nevertheless been judicially recognized to exist to the rule where, for instance, * * * it becomes necessary to ward off an immediate injury, otherwise unavoidable.

"This privilege has been declared as extended, not only to third persons, but also to parties to the suit in which the writ had issued to the sheriff of a court having a territorial jurisdiction different from that of the court which rendered the judgment. [Oger v. Daunoy] 7 Mart. N. S. 658; [Lawes v. Chinn] 4 Mart. N. S. 388; [Hobgood v. Brown] 2 La. Ann. 323; [Galbraith v. Snyder] 2 La. Ann. 492; [Copley v. Edwards] 5 La. Ann. 648; [Police Jury v. Mitchell] 4 La. Ann. 84; [Donnell v. Parrott] 13 La. Ann. 253; [Dufossat v. Berens] 18 La. Ann. 339; [McGinty v. Richmond] 27 La. Ann. 606; [Bonin v. Monot] 28 La. Ann. 598.

[1] Hence it has been held, where a plaintiff was prevented by the excess of his claim from going before a court of limited jurisdiction to contest and litigate his rank and privilege with another creditor, who was seeking a judgment with a privilege against the common debtor in said court (of limited jurisdiction), that he can compel his adversary to come into a higher court to litigate their claims. Terry v. Terry, 10 La. 68; Shiff v. Carprette, 14 La. Ann. 801; Brown v. Washington, 51 La. Ann. 483, 24 So. 976.

[2] Hence, also it has been held that when the value of the property seized under a writ from a court of limited jurisdiction, is beyond the jurisdiction of that court, an injunction may be obtained by one claiming its ownership from a court having jurisdiction of the amount involved. Hagan v. Hart, 6 Rob. 427; McDonogh v. Doyle, 9 Rob. 302; Chapelle v. Lemane, 12 Rob. 519; Stroud v. Humble, 1 La. Ann. 310.

We conclude that the district judge had jurisdiction to issue the injunction.

### Decree.

The preliminary writ of mandamus herein issued is therefore made absolute, and accordingly the district judge is now ordered to take cognizance of relator's application for an injunction and issue the restraining order prayed for on relator's furnishing bond with surety in a sum to be fixed by said judge.

O'NIELL, C. J., dissents.