81 So.2d 378

Guy J. REINE in Third Opposition

v.

Warren M. ORR.

No. 42329.

May 23, 1955.

Thomas L. Hollis, New Orleans, Robert I. Broussard, Gretna, for relator.

C. William Bradley, Norco, for respondent.

McCALEB, Justice.

On January 10, 1955, relator filed an action against one Jefferson D. Ory in the Twenty-Fourth Judicial District Court for

the Parish of Jefferson, claiming ownership of 157 certain hogs allegedly in the possession of Ory, and obtained the issuance of a writ of sequestration for their seizure. Subsequently, relator, asserting that he had located some of the hogs in St. John the Baptist Parish in the possession of the respondent herein, obtained from the Jefferson Parish court, on February 14, 1955, an alias writ of sequestration directing the Sheriff of St. John the Baptist Parish to seize the hogs and hold them subject to further orders of that court. Upon the execution of this writ, under which 28 hogs were seized by the Sheriff of St. John the Baptist Parish, respondent instituted a third opposition against relator and the Sheriff in the Twenty-Ninth Judicial District Court for the Parish of St. John the Baptist, in which he claims ownership of the hogs by purchase for valuable consideration and seeks judgment recognizing his ownership and dissolving the writ of sequestration and seizure insofar as his property is concerned. In addition, respondent alleges that he has sustained damages by reason of the seizure and asks that he be granted judgment against relator for the sums itemized in his petition.

In due course, relator appeared and filed an exception to the jurisdiction of the Twenty-Ninth Judicial District Court on the ground that, since the writ of sequestration issued out of the Twenty-Fourth Judicial District Court, it alone was vested with jurisdiction of the case and that the third opposition is cognizable only before that tribunal.

This plea was overruled by the judge and relator applied here for relief. Upon the showing made, alternative writs of certiorari and prohibition issued and the case has been submitted for our decision on the briefs of opposing counsel.

Relying on the specific provisions of Article 397 of the Code of Practice,[1] relator maintains that his jurisdictional plea is well founded, and he also professes that a third opposition, being an incidental demand, is like an intervention, which can only be brought before the court having jurisdiction of the main demand.

A third opposition is defined by Article 395 of the Code of Practice as a demand brought by one not originally a party to the suit "for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit, or to regulate the effect of such seizure in what relates to him." It lies when a third person claims ownership of the thing which has been seized or contends that he has a privilege on the proceeds of the thing seized and sold. Article 396, Code of Practice. However, the proceeding is unlike an intervention, as Article 398 of the Code of Practice

1. It declares: "This opposition must be made before the court which has granted the order of seizure or the judgment in virtue of which the provisional seizure has been effected."

prescribes inter alia . that, if the opposition has for its object the setting aside of the order of seizure, it must be asserted by means of a petition and citation served on the party making the seizure, as in ordinary suits, and that " * * * such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted * * * ".

■ Accordingly, since a third opposition is a separate demand which is in no way dependent upon the outcome of the original suit (see Atkins v. Smith, 204 La. 468, 15 So.2d 855 and authorities there cited), it would appear that, except for the provisions of Article 397 of the Code of Practice, the court of the place of seizure having jurisdiction over the officer who has taken the property into custody would be the proper forum for the third opponent to assert his claims.

■ Article 397 of the Code of Practice does not control the question of jurisdiction in this matter, notwithstanding its requirement that the third opposition be made before the court which has granted the order of seizure. It has long been the jurisprudence of this court that an exception to the apparently all-embracing provisions of Article 397 must be recognized *ex necessitate* whenever a writ of seizure is issued to a sheriff of a court having a territorial jurisdiction different from that of the court which granted the order of seizure. In those instances, it is established that a person claiming the seized property or seeking an injunction to restrain the seizure may apply for relief to the court of the place where the writ is executed.[2]

The sound public policy upon which the exception is founded can hardly be gainsaid. Were it otherwise, a third person whose property is seized under orders of a district court beyond the borders of the territory in which he is domiciled would be required to undergo the inconvenience and expense of pursuing his rights before a judge other than his own in litigation whose outcome is entirely without interest to him.

■ Counsel for relator concede the existence of the exception to which we have adverted but they contend that its operation is confined to cases in which injunctions have been issued to restrain the seizure and sale of property under writs of executory process or fieri facias. While it is true that practically all of the cases in which the exception has been applied were

---

2. Lawes v. Chinn, 4 Mart., N.S., 388; Oger v. Daunoy, 7 Mart., N.S., 656, 658; Hobgood v. Brown, 2 La.Ann. 323; Galbraith v. Snyder, 2 La.Ann. 492; Police Jury of West Baton Rouge v. Mitchel, 4 La. Ann. 84; Copley v. Edwards, 5 La.Ann. 647, 648; Donnell v. Parrott, 13 La.Ann. 251, 253; Coleman v. Brown, 16 La.Ann. 110; Dufossat v. Berens, 18 La.Ann. 339; McGinty v. Richmond, 27 La.Ann. 606; Bonin v. Monot, 28 La.Ann. 597, 598; State ex rel. Osborn v. Houston, 35 La.Ann. 538; Gondran v. Nelson Co-Op. Ass'n, 152 La. 609, 93 So. 918 and San-I-Baker Corporation v. Magendie, 157 La. 643, 102 So. 841.

matters in which injunctions had been sought by third persons whose property had been seized within a particular jurisdiction under writs of executory process or fieri facias emanating from another jurisdiction, we fail to discern any reason why the exception should not be equally available in cases involving seizures under conservatory writs.

In support of their contention that there should be a distinction between seizures under conservatory writs and those made under executory process or fieri facias, counsel cite the case of E. Marqueze & Co. v. LeBlanc, 29 La.Ann. 194 wherein it was held that, although a party domiciled outside the jurisdiction may be made a garnishee only under garnishment process issued from the court of his domicile, a different rule obtains when the garnishment process results from the issuance of a writ of attachment and that, in such instances, the garnishee must appear in the court which had jurisdiction of the attachment proceedings.

The rationale of the decision in E. Marqueze & Co. v. LeBlanc is that the garnishment process which is issued before judgment is incidental to and inseparable from the main demand and that, therefore, the garnishee must plead in the court which issued the garnishment. The case has relatively no analogy to this one, which involves solely the right of one claiming property sequestered by a court of another

territorial jurisdiction to assert his ownership by way of third opposition before his own judge, in the jurisdiction where the property was seized and is being presently held.

■ Finally, it is suggested that the cases in which the exception to the rule set forth in Article 397 of the Code of Practice (that every court has exclusive control over its process) has been applied were matters in which the third oppositions were coupled with a demand for an injunction and that, since respondent herein has not sought an injunction, the court of St. John the Baptist Parish is without jurisdiction.

We find it difficult to perceive why respondent's failure to pray for an injunction should have any effect whatever on the jurisdiction of the court to determine the issues raised by the third opposition. The hogs were seized within the jurisdiction of the Twenty-Ninth Judicial District Court and are now being held by the Sheriff of St. John the Baptist Parish, who is the executive officer of that court. Indeed, this precise question was answered adversely to relator in Coleman v. Brown, 16 La.Ann. 110, where the court held that, since the exception to the rule prescribed by Article 397 of the Code of Practice is founded on the necessities of the case, it is not indispensable for the third opponent seeking recovery of the possession of his property with damages to pray for the issuance of an injunction.

For the foregoing reasons, the alternative writs herein issued are recalled, the ruling of the district judge upholding his jurisdiction is approved and affirmed and the case is remanded for further proceedings in accordance with law. The costs of the proceedings in this court are to be borne by relator.

PONDER, J., dissents.

HAMITER, Justice (dissenting).

Under the circumstances of this case there appears to me to be no good reason for refusing to apply Code of Practice Article 397, the unambiguous language of which is: "This opposition [of third persons] must be made before the court which has granted the order of seizure or the judgment in virtue of which the provisional seizure has been effected." (Brackets mine.)

Most of the cases relied on by the majority, in which the existing necessities prompted a disregarding of such article, were injunction proceedings (1) conducted during an extremely early period of our jurisprudence when transportation and communication facilities were unsatisfactory or (2) which could not be entertained by the court ordering the seizure because of lack of jurisdiction ratione materiae. Neither situation obtains here.

I respectfully dissent.