EDWARD SHIFF & CO. *v.* P. CARPRETTE AND W. C. QUIRK.

District Courts cannot dissolve attachments issued by Justices of the Peace, except on appeal.

When a party has a claim exceeding in amount the jurisdiction of a Justice of the Peace, and bearing a privilege upon property attached by another party in a Justices' court, his remedy is by a suit in the District Court, claiming his privilege and enjoining the officer having the writ of attachment issued by the Justice from proceeding with its execution, and paying over the proceeds to the attaching creditor ; or by a rule taken upon the attaching creditor, to show cause why he should not be paid by preference out of the proceeds of the sale of the property attached.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *G. LeGardeur*, for plaintiffs. *W. D. Hennen* and *P. Childress*, for defendants and appellants.

COLE, J. Plaintiffs leased to *F. A. Kelman*, the first floor of the premises situated at No. 81 Canal street, for one year from the 1st of November, 1856, to the 31st of October, 1857, in consideration of the yearly rent of eight hundred dollars, payable quarterly.

*Kelman*, being indebted for the quarterly installment expiring on the 1st of August, 1857, and being unable to pay the same, abandoned the premises, sent the keys thereof to plaintiffs, and left the State.

Before leaving, he sent plaintiffs, by the same person that was to deliver the key of the store, a letter, in which he gave them to understand he was about to abscond, and requested them " to proceed to the store at once, and take possession, conjointly with others equally deserving as themselves."

Plaintiffs, in consequence of the abandonment of the premises and of the surrender of the keys by *Kelman*, took, under Article 3185 of the Civil Code, and by virtue of the letter addressed to them by *Kelman*, immediate possession of the articles left in the store by *Kelman*, the value of which was insufficient to satisfy their claim.

Shortly afterwards, *W. C. Kirk*, Constable of the First Justice of the Peace, under a writ of attachment issued at the suit of *P. Carprette*, seized, took possession of, and carried away the articles then in possession of plaintiffs, and established to have been worth $150.

These articles were afterwards, on motion of *Quirk*, sold for storage, and it does not appear what became of the proceeds.

In the meantime this suit had been brought by *E. Shiff & Co.* against *Quirk* and *Carprette*, and a writ of sequestration issued to the Sheriff, commanding him to seize and hold in his possession the goods seized by *Quirk*, under the attachment issued by *Carprette*. But they refused to give up the property.

Plaintiffs also claimed five hundred dollars as damages for the illegal action of the defendants.

Under these circumstances, the court gave judgment in favor of *E. Shiff & Co.* against *Quirk* and *Carprette*, for the value of the goods carried away and never accounted for by them, to-wit, one hundred and fifty dollars.

*Carprette* only has appealed.

The letter of the lessee would alone have authorized plaintiffs, in the absence of any superior right on the part of others, to take possession of the goods and sell them.

101

Their letter requested them to proceed to the store at once, and to take possession, conjointly with others, of these articles; but as no one appeared there to take possession, except plaintiffs, they were entitled to take the whole of them, as the value of the articles taken away and now in dispute was insufficient to pay their claim as lessors.

Besides, Article 3185 of the Civil Code, declares that : " The right which the lessor has over the products of the estate, and on the movables which are found on the place leased, for his rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid."

This Article authorized plaintiffs to retain the goods found on the premises, and the letter of the lessee empowered him to sell them.

These goods were attached by defendants, as they were about being sold at public auction.

Plaintiff then had them sequestered, and prayed in his petition to have the attachment dissolved, which was granted in the judgment.

We are of opinion, it is not in the power of District Courts to dissolve attachments issued by Justices of the Peace, except on appeal.

If a party has sued out before a Justice of the Peace an attachment of property, and A has a claim, bearing a privilege superior to that of the attaching creditor, but exceeding the jurisdiction of the Justice, A can then protect himself by suit in the District Court, claiming a privilege, and by an injunction enjoining the officer having the writ of the Justice, from proceeding with the execution of the attachment and paying over the proceeds to the attaching creditor, or by a rule served upon the latter to show cause why he, A, should not be paid by preference.

In this way the jurisdiction of the District Court does not clash with that of the Justice of the Peace. The former merely exercises its legitimate jurisdiction, and decides that the privilege of A is superior to that of the attaching creditor. As in a *concurso*, the Judge before whom the claims of different creditors are contested, has the right to accord a preference to one having no judgment over one having a judgment, if the privilege of the former be superior.

The judgment of the District Court is correct, except as to to the dissolving of the attachment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended, by reversing that part of it which dissolves the attachment, and that in all other respects it be affirmed ; and that plaintiffs pay the costs of appeal.