ITEM CO., LTD., Appellant, v. PAN AMERICAN CIGAR CO., INC.

———

(November 28, 1927. Opinion and Decree.)

(December 12, 1927. Opinion and Decree on Rehearing.)
(January 16, 1928. Rehearing Refused.)
(March 13, 1928. Decree Supreme Court Writ Granted.)
(June 5, 1928. Decree Supreme Court Writ Reversed.)
(See South. Rep. ——; La. Rep. ——.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Courts—Par. 12.**
Want of jurisdiction, ratione materiae, cannot be waived, nor consent give jurisdiction.

2. **Louisiana Digest—Courts—Par. 89.**
The city courts of New Orleans have no jurisdiction to entertain an opposition filed in the City Court by one claiming the ownership of property worth more than one hundred dollars seized as the property of the defendant.

Appeal from First City Court. Hon. W. V. Seeber, Judge.

Action by the Item Co., Ltd., against the Pan American Cigar Co., Inc.

There was judgment for defendant and the plaintiff appealed.

Judgment annulled but on rehearing case reassigned for argument on the merits.

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellant.

Weiss, Yarrut & Stich, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. The intervenor claims the ownership of the property seized under a fi fa issued against the defendant.

The facts are as follows:

The plaintiff alleged that from November 1st, 1926, to May 31st, 1927, it did certain advertising for the defendant according to the itemized account annexed to the petition amounting to the sum of $224.54, upon which the defendant has paid $50, leaving a balance due of $174.56 for which it prays judgment.

The citation was addressed to "Pan American Cigar Co. Inc." and was served on "Miss A. Young, bookkeeper, all other officers absent at time of service".

Judgment by default was entered August 26th for $174.56 against the "Pan American Cigar Co., Inc."

Notice of judgment addressed to "Pan American Cigar Co., Inc.," was served August 26th, 1927, on the "bookkeeper, Miss H. Young, no other officers being present at the time service was made".

On August 27th, 1927, the defendant, the Pan American Cigar Company, Inc., applied for a new trial on the ground that a fi fa had issued on the same day that the judgment was rendered and property seized, while under C. P. 1085, amended

by Act 102 of 1898, the fi fa was "permissible only three days after service of notice of judgment".

The rule for a new trial was dismissed.

On September 13th, 1927, Arnold Falk filed an intervention in which he alleged that on September 6th he had been appointed receiver of the "Pan American Cigars, Inc."; that on August 26th, 1927, judgment had been rendered against the Pan American Cigar Company, Inc.; that the plaintiff issued a fi fa under said judgment by virtue of which the constable seized the property of the Pan American Cigars, Inc., "consisting of one safe, back fixtures, six desks, two cabinet files, one lot of cigars and one cash register"; all of the value of $300; that those articles are not the property of the "Pan American Cigar Company, Inc.", defendant in the suit and the debtor, but are owned by the intervenor herein, the "Pan American Cigars, Inc.", a separate and distinct corporation, incorporated by Act of George P. Eberle, Notary, dated January 3rd, 1927, while the Pan American Cigar Company, Inc., was incorporated by Act of E. M. Cahn, Notary, dated November 18th, 1920.

Intervenor further alleged that in case this court should decide that the judgment herein is against the Pan American Cigars, Inc., and that the property above described is subject to be seized under it, then intervenor alleges that the fi fa issued thereunder is illegal for the following reasons:

I. That the fi fa issued on the same day as the signing of the judgment and before the expiration of the three days allowed for an application for a new trial.

II. That the fi fa issued before the expiration of the delays allowed for a suspensive appeal during which a receiver was appointed to intervenor, the "Pan American Cigars, Inc."

III. That it is to the interest of the Pan American Cigars, Inc., that its property should be released, otherwise it will be sold by the constable at a sacrifice.

Intervenor prayed for judgment decreeing the property hereinabove described to be the property of the Pan American Cigars, Inc., A. Falk, Receiver, and decreeing the said receiver, in his said capacity, entitled to its possession forthwith.

Arnold Falk made affidavit that all the facts contained in his petition were true and correct.

The plaintiff, the Item Co., excepted to the jurisdiction of the court, and filed a general denial to intervenor's petition.

After trial judgment was rendered in favor of intervenor forever enjoining the execution of the fi fa against the property above mentioned. From this judgment the Item Co. has appealed.

The exception to the jurisdiction of the First City Court must be maintained. Want of jurisdiction ratione materiae cannot be waived nor consent give jurisdiction, 2 La. Dig. 425. Paragraph three of Section 91 of Article VII of the Constitution, p. 65, provides:

"Said court (City Court) shall also have jurisdiction concurrently with the Civil District Court of all suits for moneyed demands above one hundred dollars and not exceeding three hundred dollars exclusive of interest."

Arnold Falk, receiver and intervenor, as such, made affidavit in his petition that the property claimed by the "Pan American Cigars, Inc." was "valued at the sum of $300". As a witness he swore that it was worth "about $230".

George M. Gay, the deputy constable who made the seizure, swore that the approximate value of the property was "three or four hundred dollars".

There are two reasons why the City Court had no jurisdiction of this case. The first is that the property claimed and in dispute is worth more than one hundred dollars, the utmost limit of its general jurisdiction fixed by Section 91; and the second is that intervenor's suit is not one for a "moneyed demand" but for ownership of property illegally seized as the property of the defendant in the suit. Shiff & Co. vs. Carprete, 14 La. Ann. 801; Hagan vs. Hart, 6 Rob. 427; No. 7179 Orl. App.; Tessier Dig. 60.

It is therefore ordered that the judgment appealed from be set aside and annulled and intervenor's petition be dismissed for want of jurisdiction of the City Court, intervenor to pay costs in both courts.

---

ON REHEARING

When this court reversed the judgment appealed from herein on the ground of want of jurisdiction of the City Court it had overlooked Act 293 of 1926 proposing an amendment to Section 91 of Article VII of the Constitution of the State, adopted November 2nd, 1926, which has since been called to our attention.

Considering that this amendment confers upon said city courts "jurisdiction concurrently with the Civil District Court of all interventions or reconventional demands, irrespective of the amount involved," which was the subject of the judgment appealed from.

It is ordered, ex proprio motu, that our judgment herein be reversed and annulled

and that this case be reassigned for argument upon the merits. Flash, Lewis & Co. vs. Schwabacker & Co., 32 Ann. 356; Gay vs. Herbert, 44 Ann. 301, 10 So. 775.